[Decided January 26, 1887.]

A. H. CHAMBERS, MAYOR OF OLYMPIA, AND ROBERT H. MARR, CLERK, APPOLLONIA HOFFMAN *v.* TERRITORY OF WASHINGTON EX REL. D. P. BALLARD, J. C. McFADDEN, AND C. W. HARTMAN.

MANDAMUS — MAYOR AND CLERK OF CITY — ATTORNEY'S LIEN ON JUDGMENT. — *Mandamus* will not lie against the mayor and clerk of a city to pay an attorney's lien which had been filed on a judgment obtained for a client against the city, which the client had assigned, and satisfaction of which had been entered of record, where no judicial proceedings have been had to determine the amount or validity of the lien, as against the attorney, the assignee, or the city, or to set the assignment or satisfaction aside.

ERROR to the District Court holding terms at Olympia. Second District.

The defendants in error made application in the District Court for a writ of mandate based upon their affidavit and motion commanding A. H. Chambers and Robert H. Marr, respectively mayor and clerk of the city of Olympia, to issue and deliver to them a warrant for the sum of five hundred dollars upon the city treasury

of Olympia. The relators' affidavit stated in substance that as attorneys for one Frederick Hutchinson they had performed professional services as attorneys in procuring a judgment against the city of Olympia for one thousand dollars, on which judgment they had claimed and filed an attorney's lien for five hundred dollars, no part of which had been paid. The affidavit further stated that thereafter Hutchinson assigned his judgment to Appollonia Hoffman, who satisfied the entire judgment upon the record, and that this assignment and satisfaction was made by collusion with the authorities of the city of Olympia, and for the purpose of defrauding the relators, and preventing the payment of their claim. The affidavit and writ averred demand for the five hundred dollars upon the mayor and clerk, who, by the charter of the city, were the proper officers to draw warrants upon the city treasury for all allowed claims against the city. The defendants appeared to the alternative writ and moved to quash, and also demurred. Both motion and demurrer were overruled, and no further return being made by the defendant, the court awarded a peremptory writ, from which they appealed.

*Mr. John P. Judson,* for the Plaintiff in Error.

To warrant this proceeding, the relator must show that he has a clear, specific, and settled legal right to be enforced; that there is no other specific and adequate legal remedy for him; and that the respondents, by virtue of their office, *are bound to do the thing required of them.* (High on Extraordinary Legal Remedies, secs. 9, 10.) In case of doubt as to the right to be enforced, or the power or right or duty of respondent to do the act, the writ never issues. (High on Extraordinary Legal Remedies, sec. 32; *Williams* v. *Smith,* 6 Cal. 61.) The alternative writ is the complaint or declaration, and must show the facts authorizing the proceedings. (2 Chitty's Bla. Com. 82; *Rex* v. *Oxford,* 7 East, 345; *Silver*

*v. People*, 45 Ill. 227; *People* v. *Mayor etc. of Chicago*, 51 Ill. 28; *People* v. *Solomon*, 46 Ill. 336; *State* v. *Everett*, 52 Mo. 89; *Gorgas* v. *Blackburn*, 14 Ohio, 252; *Society* v. *Commissioners*, 52 Pa. St. 135; *State* v. *Avery*, 14 Wis. 122.) It does not appear that the respondents have the right or power to issue the warrant. To issue the warrant without direction from the council would be an unlawful act. *Mandamus* does not lie for such a purpose. (High on Extraordinary Legal Remedies, sec. 40.) Where doubt exists as to the duty the performance of which it is sought to coerce, or as to the right or power of the officer to perform the duty, the writ should not issue. (High on Extraordinary Legal Remedies, sec. 32; *Ackerman* v. *Desha Co.*, 27 Ark. 457.) It must appear that the relators have a clear legal right to the performance of the particular act or duty at the hands of the respondents. (High on Extraordinary Legal Remedies, sec. 10; *People* v. *Supervisors of Greene*, 12 Barb. 217; *People* v. *Thompson*, 25 Barb. 73; *Traver* v. *Commissioners' Court*, 17 Ala. 527.) The relator must not only show a clear legal right to have the particular thing in question done, but also the right to have it done by the persons against whom the writ is sought. (*People* v. *Mayor etc. of Chicago*, 51 Ill. 28; High on Extraordinary Legal Remedies, sec. 10.) Appollonia Hoffman is the assignee of the judgment; as to her no relief is prayed for, and the question between her and the relators, as to whether they have a lien or not, cannot be litigated in this proceeding. They cannot establish their lien as to her on *mandamus;* whether or not there was fraud or collusion cannot be determined in this kind of proceeding. They must go elsewhere to establish their rights, if any they have. (High on Extraordinary Legal Remedies, sec. 7; *People* v. *Hatch*, 33 Ill. 140.)

*Mr. C. W. Hartman*, for the Defendant in Error.

The judgment was an audited claim. The common council of Olympia had nothing to do with it. It was

the duty of the mayor and clerk to properly issue the warrant, and thereafter it would be paid by the treasurer, in regular course, as any other warrant drawn by the mayor and clerk. (*Emeric* v. *Gilman*, 10 Cal. 404; *Sharp* v. *Contra Costa County*, 34 Cal. 291.) The attorneys for Hutchinson had a lien upon the judgment immediately upon the filing of their notice of lien. (Code, sec. 3286.) Such lien became a vested interest in the judgment for five hundred dollars, in the nature of an equitable assignment of said judgment to that extent. (*Coghlin* v. *Railroad Co.*, 71 N. Y. 443; *Ornarand* v. *Tate*, 1 East, 464; *Rooney* v. *Railroad Co.*, 18 N. Y. 368; *Tolcott* v. *Bronson*, 4 Paige, 501; *Marshall* v. *Meath*, 51 N. Y. 141; *Martin* v. *Hawks*, 15 Johns. 405; *Brandt* v. *Koon*, 4 Cow. 416.) The Supreme Court of the United States sustains the attorney's lien to its fullest extent, as will be seen by reference to the following cases: *Stanton* v. *Embrey*, 93 U. S. 548; *Wyle* v. *Cox*, 15 How. 415. The attorneys had the same right to enforce the execution of the judgment against the city, and in the same manner, that Hutchinson would. (*Andrews* v. *Morse*, 31 Am. Dec. 752.) If the assignment to Mrs. Hoffman was valid, it carried with it the remainder of the judgment, after deducting the five hundred dollars due the attorneys. In enforcing the judgment, or receiving the payment, the relators and Mrs. Hoffman were entitled to notice of the proceedings. (*Pollock* v. *Cummings*, 38 Cal. 686; *People ex rel. Menomy* v. *Harris*, 4 Cal. 9; *People* v. *Swift*, 31 Cal. 28; *Rennick* v. *Ludington*, 16 W. Va. 378; *Platt* v. *Ayer*, 9 Abb. Pr. 324.)

In a supplemental brief, counsel cited the following authorities in answer to the points made by the brief of plaintiff in error: *Mandamus* is not a prerogative writ in this country as it was in England before the Revolution, but a remedy given by the citizen to enable him to assert his rights and obtain justice. (*State* v. *Lancaster County*, 13 Neb. 223; *Kentucky* v. *Dennison, Governor of*

*Ohio*, 24 How. 97; *State ex rel. Moore* v. *Chicago etc. R. R. Co.*, 19 Neb. 482; *McCrary* v. *Beaudry*, 67 Cal. 120; *People* v. *Lake County*, 33 Cal. 492; *Jones* v. *Morgan*, 67 Cal. 308; Olney's Cal. Code Civ. Proc., pp. 356–360; *People* v. *Supervisors of San Francisco*, 27 Cal. 684, 685.)

Mr. Justice LANGFORD delivered the opinion of the court.

The District Court of the Second Judicial District, on the petition of the relators, issued a peremptory writ of *mandamus* to the city clerk and mayor of the city of Olympia, and.from this order the clerk and mayor appeal to this court.

The foundation of the order was an affidavit made by one of the relators, and an alternate writ to show cause issued thereon. To show cause, the clerk and mayor appeared at the appointed time and moved to quash, and also demurred to the proceeding. This brought the sufficiency of the affidavit and alternate writ up for decision. The court thereupon overruled the demurrer and motion to quash, and granted the peremptory writ; so the question as to whether the facts stated are sufficient is before the court. The facts appearing are briefly, but substantially, as follows: The relators were attorneys for one Frederick Hutchinson, plaintiff, who had recovered judgment against the said city. As such attorneys, they had filed an attorney's lien on the judgment. The plaintiff afterwards assigned this judgment to a third party, who had caused satisfaction to be entered of record. The affidavit alleges that this assignment and satisfaction were procured by fraud and collusion of and between the plaintiff and the councilmen of said city. 1. The proceeding nowhere shows that said claim of lien had been liquidated and adjudicated; 2. They do not show that any judicial proceedings were had to determine the amount or validity of the lien, as against the plaintiff, the assignee, or the city, or to set the as-

signment or satisfaction aside; 3. They do not show that any certified copy of the judgment was ever presented to the clerk or mayor; 4. They do not show that any demand was made of the clerk or mayor to issue or attest a city warrant payable to either the plaintiff or his assignee. We are of the opinion that all of these four things must have been precedent to the duty of the city clerk or mayor to issue or attest the city warrant. No doubt but that a valid attorney's lien vests in the attorney an equitable right in the judgment to the extent of his just claim, and if a person with notice purchased the judgment, that he purchased subject to such lien; but as satisfaction had been duly entered of record, execution could not have issued against any defendant until, upon application duly made to the court, the satisfaction had been duly set aside; and this could not be done in these proceedings.

The right to payment from the city was not greater than the right to an execution against a private defendant. The city has a right to its day in court to maintain, if it can, the validity of the entry of satisfaction; and until these proceedings are had, no power lies in the mayor or clerk to pay the judgment without an order from the council. If there were a valid unsatisfied judgment against the city, neither the clerk or mayor could officially know it. In such a case, before it would become the duty of these officers to issue a warrant, a duly certified copy of the judgment must have been presented to the clerk for him to file as his voucher. If such a certified copy of the judgment were presented, then it would have been the duty of the clerk to issue the warrant to the plaintiff, in the plaintiff's name; but it would not have been his duty to issue a warrant payable to any except to him whom the record presented showed was the owner. These relators were none of them persons which the record showed were either parties to the action or assignees of the judgment;

and the relators had no right to demand a warrant to be issued in their names to them. From the above considerations, we conclude that neither the clerk nor the mayor violated an official duty, and that to do the thing the writ commands them to do would be a violation of that duty; and hence that the order of the District Court should be reversed and set aside; and it is so ordered.

GREENE, C. J., and TURNER, J., concurred.