Essex,
*March,*
1842.

Beech
*v.*
Town of
Canaan.

---

### Isaac T. Beech *v.* The Town of Canaan.

The release of the judgment creditor to the judgment debtor, of the judgment, implies a satisfaction, and is a good defence for the town when sued by the judgment creditor for neglect of the constable in taking insufficient bail.

Though an attorney may have a *lien* for costs, &c., which the court, after notice, might protect, yet, when he sues his client, and obtains judgment therefor and assigns the judgment, the *lien* does not attach to the claim in the hands of the assignee.

It is not sufficient, to avoid the effect of a release, to show that the suit was brought for the benefit of another, and this known to the person taking the release. An assignment of the claim is necessary.

This was an action on the case for the neglect of Aaron Luther, constable of the town of Canaan, for the year 1830, in taking insufficient bail on a writ, dated November 24, 1830, in favor of Issac T. Beech against Moses S. Abbott.

The plaintiff alleged in his declaration that said Luther arrested the body of Abbott and became bail by indorsing his own name on said writ, which was returnable December 29, 1830; that said Luther was then and ever since has been poor and irresponsible; that such proceedings were thereon had, that, at the supreme court in Essex county, at

the March term, 1834, judgment was rendered in favor of said Beech against Abbott for $49.39 debt and $62.64 costs; that execution issued on said judgment, March 27, 1834, and on the 23d of April, 1834, was delivered to Greenleaf Webb, sheriff, who on the 14th of May, 1834, made return that he could find neither the property nor body of the debtor; that a writ of *scire facias* issued against Luther, May 14, 1834, returnable to the county court, May term, 1834, and at the May term, 1838, judgment on the *scire facias* was rendered against Luther, for $140.44 debt, and $25.59 cost; that execution issued June 4, 1838, and was delivered to said Webb, sheriff as aforesaid, who committed Luther to jail, July 9, 1838, and returned the execution, July 11, 1838; and that Luther swore out of jail July 21, 1838, &c.

Plea the general issue.

On the trial in the county court the plaintiff offered records to make out the case as alleged, and also proved that Luther was and is poor and irresponsible. The defendants then offered a release under the hand and seal of Beech, to said Abbott, dated April 25, 1836, releasing and discharging said judgment of said supreme court.

The plaintiff then introduced the deposition of one Nehemiah Joy, tending to show that before February 8, 1835, he gave said Abbott, at the request of James Steele, a notice in writing that said judgment was not Beech's property and that the counsel for the plaintiff in that suit had a lien on it for cost and fees, a copy of which notice he kept, but had lost it. The plaintiff also offered the said James Steele as a witness, who, having made an assignment of all the interest he had in this action to William Heywood, Jr. was permitted to testify, and whose testimony tended to show that, originally, a suit had been commenced in the name of James D. Heath against Josiah Abbott, and a yoke of oxen were attached on the writ by Beech, who was a deputy sheriff; that Moses S. Abbott took said oxen from Beech's possession and drove them away into Canada; that an action was commenced in the name of said Beech against Moses S. Abbot, before a justice of the peace, for said oxen, and no personal notice having been given him, the action was continued until the next day, and judgment was then

rendered in favor of Beech ; that some fourteen month after-
wards the suit in favor of Beech, against Abbott, was
commenced on the judgment mentioned in the declara-
tion in this action ; that Seth Cushman, James Bell and
said Steele were counsel for said Beech in said suit against
Abbott, and that Steele made all the advances ; that
he brought two suits against Beech before a justice of the
peace, one on book and the other for money laid out and
expended, and, on the 15th day of February, 1834, obtained
judgments, one in the action on book for $88.20 debt, and
$6.03 cost, and, in the other, $92.22 debt, and $6.03 cost,
and took out executions thereon ; that said judgments cover-
ed the whole amount of his claim for his services, fees and
money paid in the suit of Beech against Abbott ; that, with-
in the life of the execution, which issued March 15, 1834,
Steele sold said executions and judgments to one William
Stevens, and said Stevens paid him for them in full ; that
Stevens took personal property on said executions and
sold it, and satisfied the execution for $92.22 debt, and
$6.03 cost, and satisfied the other for $11.00 ; that actions
of trespass were brought against Stevens in favor of Martha
A. Beech and Sargent W. Beech, claiming the property sold
as theirs ; that they obtained judgments by default ; that
writs of *audita querela* were brought to set aside said judg-
ments, but they did not prevail ; and that said Steele has
never paid back to said Stevens any part of the consideration
money paid for said executions and judgments against Beech.

It also appeared that, in the action in favor of Heath
against Josiah Abbott, above named, final judgment was
rendered against said Abbott for an amount exceeding the
sum claimed in this action, and that the action in favor of
Isaac T. Beech against Moses S. Abbott was brought for
the benefit of said Heath and that this fact was known to
Moses S. Abbott before the time of his taking the release
aforesaid from said Isaac T.

Upon this testimony the county court charged the jury
that said release was inoperative to defeat this action and
that, notwithstanding the sale of the property on the execu-
tion in favor of Steele against Beach and the assignment of
these judgments to Stevens, the plaintiff might recover in
this action.

Essex,
*March,*
1842.

Beech
*v.*
Town of
Canaan.

The jury returned a verdict for the plaintiff and the defendants excepted.

*J. S. Wells,* for defendants.

The case states that Abbott knew, *before* taking the release, that the action in favor of Beech against Abbott was for the benefit of Heath. *When* this was known does not appear. The presumption is, that it was in 1830, about the time of the commencement of the original action. But *after that* he certainly was justified in regarding Beech as the party in interest, as Steele, the chief man in the transaction, in February, 1834, sued Beech and recovered judgment against him '*for all fees and money paid,*' in that business. The discharge therefore of April 24, 1836, we insist should protect the town.

Again, though Abbott might have known that the original suit was for the benefit of Heath, yet there is no pretence that he had knowledge that the suit discharged was not under the control of Beach.

The case finds that Steele was the principal attorney in the suit of Beech against Abbott, as he made *all the advances,* &c., and Steele having sued Beach and recovered judgment against him for *all* his services, fees and money paid in that matter, thereby *waived any lien* he might otherwise have had on Abbott.

2. Having sold the judgment against Beech to Stevens and received of him full payment therefor, he has no right to interfere in the adjustment of the matter between the parties. His debt being paid, no occasion for any lien to secure that debt exists. A solicitor's lien on papers is superceded by taking security. 4 Vt. R. 553.

If any right of lien ever existed, it did not extend to counsel fees, which excludes Cushman and Bell from the case. *Heartt* v. *Chipman et al.* 2 Aikens' R. 165. And as Steele received payment for all claims which the law protects, we do not see that the matter of lien has any connection with the case. But if any lien ever did exist, it did not pass to Stevens by the assignment of the judgments. *Hutchins et al.* v. *Olcott,* 4 Vt. R. 554.

The judgments against Beech and sale of property in satis-

Essex,
March,
1842.

Beech
v.
Town of
Canaan.

faction is conclusive evidence of payment thereof until revived by due course of law, to wit, by *scire facias.*

It might have been that the original suit of Beech against Abbott was intended for the benefit of Heath, yet, all the subsequent prceedings show that Heath abandoned the matter and left Beech to take care of himself, for the case finds that Steele, Bell and Cushman *were counsel for Beech,* and that Steele sued and recovered against Beech for all his fees and advances in that business to the amount of $192.48.

*William Heywood, Jr.,* for plaintiff.

The discharge given by Isaac T. Beech to Moses S. Abbott was fraudulent, and, having been made after notice to Abbott of the rights of other persons in the judgment, it is inoperative. *Lake* v. *Ingham,* 3 Vt. R. 158.

The opinion of the court was delivered by

Bennett, J.—The judgment which the plaintiff recovered against Moses S. Abbott, in 1834, was released to Abbott in 1836. This implies a *satisfaction,* and it would have been a good defence for the bail on the mesne process. This would have been also an ample defence for the officer, if he had been sued for neglect, in taking insufficient bail, and is of course good for the town, when sued for the same neglect. This defence, however, is attempted to be avoided upon the ground of the attorney's *lien.* Though Steele, who was the attorney in the case and made the disbursements, might have had a *lien* which, after notice, the court might protect, so long as it was relied upon, yet, when the attorney sued the plaintiff on his account, and recovered the amount due him, and assigned the claims to Stevens, the *lien* did not attach to the claims in the hands of the assignee. Even taking a note in payment of the debt is a waiver of the *lien.* *Hutchins et al.* v. *Olcott,* 4 Vt. R. 549. Bell and Cushman stood in the relation of counsel, and there is no evidence that there was any debt due them. They could have no *lien* that would affect the operation of the release.

It is said that this action is brought for the benefit of Heath, and that Abbott had notice of this before the release was given. We protect the right of an assignee to a chose in action, even at law, after notice. But Heath does not

Essex,
*March,*
1842.

Beech
*v.*
Town of
Canaan

stand as the assignee.    All the case finds is that the suit was brought for his benefit, which  was known to Abbott.    This is not sufficient to avoid the  effect of the  release.    There must have been an assignment of the claim.    *Weeks* v. *Stevens,* 7 Vt. R. 72.

The judgment of the county court is reversed.