[No. 3192.   Decided July 13, 1901.]

M. GOTTSTEIN *et al., Appellants,* v. P. H. HARRINGTON
*et al., Defendants;* GEORGE A. THAYER *et al., Respond-
ents.*

ATTORNEY AND CLIENT — LIEN UPON PAPERS — WAIVER.

Under Bal. Code, § 4772, which provides that an attorney has
a lien for his compensation upon the papers of his client, which

have come into his possession in the course of his professional employment, no right of action is given the attorney to enforce such lien, but he is merely entitled to retain such papers until paid, and where he parts with possession, even that right is waived and relinquished.

MORTGAGES — ASSIGNMENT — NOTICE.

Under Bal. Code, § 4565, which provides that any person to whom any real estate or chattel mortgage is given, or any person to whom such mortgage has been assigned and who has recorded the assignment in the office of the county auditor wherein such mortgage is of record, may satisfy and discharge the same of record, a purchaser is not required to make inquiry beyond the records of the county auditor's office, and where without notice of an outstanding unrecorded assignment he purchases the mortgaged property for a valuable consideration on the faith of a satisfaction by the mortgagee on the records, he obtains a clear title thereto.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Affirmed.

*Brady & Gay* and *Milo A. Root,* for appellants.

*Allen & Allen,* for respondents.

The opinion of the court was delivered by

ANDERS, J.—This action was brought by appellants to set aside a satisfaction of record of a certain chattel mortgage, to reinstate the said mortgage, and to foreclose the same, and sell the property covered thereby to satisfy an alleged attorney's lien on said mortgage and said property, and the amount due appellants from defendants Harrington and Daw, on an open account. The facts and circumstances, as presented in the record, are substantially as follows: Messrs. Brady & Gay and Milo A. Root, as attorneys, were employed by defendant Frank Daw to collect an account held by the latter against defendant Harrington. The account was reduced, through the efforts of counsel, to the form of a note and mortgage; the mortgage covering certain stock and fixtures belonging to Harring-

ton. Subsequently Daw gave an order on his attorneys to appellants Gottstein and Gottstein for the delivery of the note and mortgage to said appellants. The attorneys refused to make such delivery, claiming an attorney's lien against the papers in their hands, but did agree with appellants that, when the note and mortgage should be satisfied, they would pay the Gottstein claim against Daw and Harrington out of the proceeds, first satisfying their own lien for attorney's fees. Later Harrington, with consent of Daw, sold the stock and fixtures covered by the mortgage to respondents Thayer & Miller, and at the time of said sale Daw satisfied the mortgage in full on the county records. Thereafter Brady & Gay and Milo A. Root assigned their lien claim to Gottstein & Gottstein, and transferred the possession of the note and mortgage in question to said appellants, who thereupon brought this action to enforce the lien so assigned, and the claim against Harrington and Daw hereinbefore mentioned. Upon hearing in the court below, the court found substantially as above stated, and, further, that the sale made to Thayer & Miller was in good faith on the part of Thayer & Miller, and that a *bona fide* consideration passed, and gave judgment for defendants.

Several exceptions were saved to the findings of fact of the court below, but we do not believe that a particular discussion of them is essential to the determination of this case; the facts above set out being conceded, and the findings appearing to be warranted by evidence. Appellants contend that a lien given by statute in this state to an attorney upon his client's papers is an enforcible lien, and is not affected by a *bona fide* purchase of property covered by the instrument on which the lien is claimed. Originally, at the common law, there was no attorney's charging lien. There was a general or retaining lien, which con-

sisted in a right to retain the papers of the client left in
the attorney's hands until the amount due him for services
was paid; and this lien has been very generally recognized
in American jurisprudence. The special or charging lien,
which is also recognized by the statute law of this country,
and especially of this state, applies only to judgments,
money in hand or in the hands of the adverse party after
notice. The statute of this state (Bal. Code, § 4772) is
merely declaratory of the common law on the question of
the general or retaining lien, but it recognizes the right to
a special or charging lien, and provides the method of es-
tablishing the latter. That part of the statute applicable to
the present case is as follows:

"An attorney has a lien for his compensation  . . .
upon the papers of his client, which have come into his
possession in the course of his professional employment."

It seems apparent that the statute did not intend to con-
fer an enforcible lien against papers in possession, as it
provides no method for the enforcement of such lien. This,
indeed, is but a recognition of the general law that a re-
taining lien may not be enforced, but may merely be used
to embarrass the client, or, as some cases express it, to
"worry" him into the payment of the charges. 13 Enc.
Pl. & Pr., 143 and notes; 3 Am. & Eng. Enc. (2d ed.),
464; Weeks, Attorneys, 760-75; Jones, Liens, § 132; Me-
chem, Agency, §§ 860, 867; *Hurlbert v. Brigham,* 56 Vt.
368; *Manning v. Leighton,* 65 Vt. 84 (26 Atl. 258, 24 L.
R. A. 684); *Bozon v. Bolland,* 4 Myl. & C., 354, 358;
*Heslop v. Metcalfe,* 3 Myl. & C. 183; *Colegrave v. Man-
ley,* T. & R. 400; *In re Wilson,* 12 Fed. 235; *McDonald
v. Railroad Co.,* 93 Tenn. 281 (24 S. W. 252); *Brown v.
Bigley,* 3 Tenn. Ch. 621; *Tillman v. Reynolds,* 48 Ala.
365.

It is evident that, if the retaining lien is an active lien,
such as can be enforced by process, the statute must fur-

nish the process; but this it does not do. The lien of an attorney upon the papers of his client is personal to the attorney, and is not subject to assignment. Possession is of the essence of this lien, and, once parted with, the right is waived and relinquished. 3 Am. & Eng. Enc. Law (2d ed.), pp. 456-463; Jones, Liens, *supra;* Weeks, Attorneys, 762, § 375; *Chappell v. Dann,* 21 Barb. 17; *Larned v. Dubuque,* 86 Iowa, 166 (53 N. W. 105); *Beech v. Canaan,* 14 Vt. 485; *Sullivan v. Mayor,* 68 Hun, 544 (22 N. Y. Supp. 1041).

It is contended by the learned counsel for appellants that, even if the attorney's lien was waived or lost by the transfer of the papers on which such lien was claimed, the delivery of the note and mortgage in pursuance of the order of the payee and mortgagee, without indorsement or written assignment, constituted an assignment in equity enforcible by appellants against the property in the possession of the respondents to the extent of their claim against Harrington and Daw. But we are unable to agree with counsel upon this proposition. After the order was given to the attorneys to turn over the note and mortgage to appellants, which they refused to do, it was then agreed, as we have seen, between appellants and said attorneys, that the latter should pay appellants' claim out of the moneys which they might collect on the note, after satisfying their charges for professional services. Possession of the note and mortgage was retained by the attorneys until after the mortgaged property had been sold to Thayer and Miller and the mortgage satisfied by the mortgagee, and nothing was ever collected by them on the note. Whether the mere delivery of a note and mortgage by the payee and mortgagee (without indorsement or written assignment) to a creditor constitutes, in this state, such an assignment that the holder may enforce the mortgage by

an action in his own name, is, to say the least, extremely doubtful in view of existing statutes. Bal. Code, § 4835. See, also, Bal. Code, § 4565. But, be that as it may, it seems quite clear that the appellants, under the circumstances of this case, never acquired any rights in or to the property in question as against the respondents. Before paying over the purchase price, the respondents, by their attorney, examined the county records to ascertain what mortgages or liens there were upon the property which they had agreed to purchase, and found none except the mortgage from Harrington to Daw. This examination was made in the presence of both Harrington and Daw, and the latter then satisfied the mortgage upon the records, and the respondents thereafter paid the amount stipulated for the property thus released from the mortgage lien, and at once took, and have ever since retained, possession of the same. It is provided in the act of February 25, 1897, entitled "an act relating to assignments and satisfaction of mortgages," that any person to whom any real estate or chattel mortgage is given, or any person to whom any such mortgage has been assigned in the manner provided therein, and who has recorded the assignment in the office of the auditor of the county wherein such mortgage is of record, may acknowledge satisfaction· of the mortgage, and discharge the same, of record. Laws 1897, p. 23; Bal. Code, § 4565. It would seem from the above provision of the statute that the respondents were not legally bound to look beyond the records in the office of the county auditor for assignments of the mortgage there of record, and that they had a perfect right to presume that no such assignment had been made. There does not appear to have been any intention on the part of the respondents in the transaction between them and defendants Harrington and Daw to prevent or delay the

collection of appellants' claim against these defendants,
or either of them. In fact, the testimony on the part of
the respondents is to the effect that they had, at the time
they purchased the property in dispute, no knowledge that
either Daw's attorneys or the appellants claimed a lien
upon the mortgage to Daw, or upon the property described
therein. They were, as the court below found, *bona fide*
purchasers for a valuable consideration, and obtained a
clear title to the property.

We are clearly of the opinion that the judgment of the
court below was right, and it is, therefore, affirmed.

REAVIS, C. J., and DUNBAR, J., concur.

FULLERTON, J., concurs in the result.