[No. 12063.   Department Two.   December 1, 1914.]

## *In re* EIGHTH AVENUE.

## VERNON W. BUCK, *Appellant*, v. CLARISSA A. BAILEY *et al.*, *Respondents.*[1]

ATTORNEY AND CLIENT—CLIENT'S RECOVERY OF PAPERS—PROCEEDINGS. Where the attorney has no lien upon warrants of his client in his hands, except the statutory lien provided by Rem. & Bal. Code, § 136, the court wherein the action is pending may enter an order requiring him to deliver the warrants to his client, within a specified time, under penalty of commitment for contempt, as expressly provided in § 137.

SAME—RECOVERY OF PAPERS—EVIDENCE—ADMISSIBILITY. In a proceeding to require an attorney to deliver warrants in his hands belonging to his client, under Rem. & Bal. Code, § 137, evidence of the amount reasonably due the attorney for his fees is inadmissible, where he had already instituted an independent suit to determine that matter.

SAME—DEALINGS BETWEEN—POSSESSION OF PAPERS—RIGHT TO—LIEN—CONTRACT FOR — EVIDENCE — SUFFICIENCY. No attorney's lien upon warrants of his client in his hands is shown by express contract therefor, where, upon a dispute as to the fees, the attorney retained two $1,000 warrants giving a signed receipt therefor, describing the warrants and reciting that they were to be held by him "until the final settlement after the assessment is made and warrants due," and where at the same time he delivered up $18,990 of warrants, taking a receipt therefor from one of his clients reciting that it left in his hands two warrants of $1,000 each, "giving him the right to sell same at any time and to account to us for the proceeds;" and the client denied that the last quoted words were on the typewritten receipt at the time he signed the same, or that the attorney had been given any right to sell the warrants, and the attorney admitted that he shortly after sold the warrants without giving any notice or accounting therefor; since the two receipts are directly contradictory and raise an ambiguity, which should be construed most strongly against the party preparing it, especially where such party is an attorney dealing with a client as to the client's property, and the contract as drawn does not clearly show that the minds of the parties ever met.

[1]Reported in 144 Pac. 533.

Appeal from an order of the superior court for King county, Smith, J., entered December 1, 1913, in favor of the defendants, requiring plaintiff to deliver warrants, after a hearing upon show cause orders. Affirmed.

*George B. Cole,* for appellant.

*J. P. Wall* and *T. F. Bevington,* for respondents.

ELLIS, J.—This is an appeal from the final order of the superior court of King county, entered upon the hearing of a show cause order, which final order required the appellant to deliver to the respondents two warrants for $1,000 each, received by the appellant as attorney for the respondents in the course of his professional employment.

The proceedings were under the provisions of Rem. & Bal. Code, §§ 137, 138 (P. C. 25 §§ 35, 37). The court heard the matter upon oral evidence, of which the following is a fair epitome.

The city of Seattle instituted proceedings to condemn certain property belonging to the respondents. The appellant was employed by the respondents to represent them in that proceeding in his professional capacity as their attorney. Warrants in the amount of $20,990 payable to both respondents, or order, dated May 29, 1912, were issued in payment of the judgment in respondents' favor in that action, and delivered to the appellant as their attorney. A dispute having arisen between the parties touching the amount of the appellant's fees in this, and as he claims in other matters, the appellant refused to deliver any of these warrants to the respondents, claiming an attorney's lien thereon for his fees. Finally, on continued demands from the respondents, he delivered to them all of the warrants save the two here in question. For these two, which never left his possession, he gave the respondents a receipt which reads as follows:

"Received of Henry and Clarissa A. Bailey warrants 7423 and 7433 for the sum of $2,000, same to be held by me until

the final settlement after the assessment is made and warrants due.        VERNON W. BUCK."

The appellant claims that, at the same time, he prepared a receipt for the other warrants which the respondent, Henry Bailey, signed. That receipt now reads as follows:

"Received of Vernon W. Buck, $18,990 in warrants on 8th Ave. Con. leaving in his hands two warrants of $1,000 each, giving him the right to sell same at any time and to account to us for proceeds.        HENRY BAILEY."

Both receipts are typewritten and signed in ink. Neither bears any inherent evidence of alteration or change. The respondent Henry Bailey admitted receiving the first mentioned receipt and admitted that the signature to the second receipt was his own, but emphatically denied that, when he signed it, the receipt contained any words authorizing the appellant to sell the two warrants retained by him. Mrs. Bailey did not sign the receipt, claims that she never saw it, and testified that the appellant afterwards refused to let her see it. Both respondents testified that they never at any time agreed that the appellant might sell the warrants for any purpose. The appellant's daughter, who, at the dictation of her father, typed the body of the last quoted receipt, testified that Mrs. Bailey was present at the time but she could not remember whether the receipt at that time consisted of four lines as at present or not. The appellant testified that he sold one of the two warrants within a week after this transaction, and the other within about a month, both at a discount of five per cent, indorsing them as attorney for the respondents. Shortly afterwards, Mr. Bailey having gone to Alaska, Mrs. Bailey again demanded the two warrants, offering to pay $250 to the appellant, which amount she claimed was his agreed attorney's fee. He refused to accept the money or deliver the warrants. He admitted that he never at any time told her that he had sold the warrants. It fairly appears that neither of the respondents knew that fact till the appellant divulged it at the hearing. Mrs. Bailey

then threatened criminal proceedings, and the appellant brought an action against the respondents for his fees. It is admitted that he has now recovered a judgment against them, and that they have paid the amount recovered into court in that action. This, however, was subsequent to the entry of the order here under review. Shortly after the commencement of the last mentioned action, the respondents initiated this proceeding.

The trial court was evidently of the opinion that, if the appellant had any lien at all upon the two warrants in question, it was the statutory attorney's lien accorded by Rem. & Bal. Code, § 136 (P. C. 25, § 33). He entered an order that the appellant, within ten days from the entry of the order, and upon the respondents' filing in court a bond in the sum of $2,500 conditioned to pay the appellant any lien or attorney's fees that he might recover against them when determined by an action in court, should deliver the two warrants to the respondents, under penalty of commitment for contempt. If the court's conclusion from the evidence was correct, there is clear statutory sanction for the order. Rem. & Bal. Code, §§ 137, 138 (P. C. 25, §§ 35, 37).

The appellant contends (1) that the court erred in refusing to admit evidence as to the amount reasonably due to him for attorney's fees, and to determine the same; (2) that the court erred in holding that the appellant had nothing more than an attorney's lien, and hence had no right to sell or dispose of the warrants.

The first claim merits scant notice. The order made follows the exact scope of the inquiry prescribed by the statute. Moreover it would have been useless to inquire as to the amount of the fees, since the appellant had already instituted an independent action to determine that very matter.

The appellant's second claim is based upon the assumption that he held the two warrants, not by reason of his attorney's lien, but under an express contract authorizing him to sell them and account for the proceeds. To establish such a con-

tract, he relies solely upon his own testimony, and the two receipts above quoted. His testimony as to such an agreement is directly controverted by that of both of the respondents. The two receipts contradict each other. The one which he himself signed and which the evidence shows he himself wrote, and which particularly describes and relates only to the two warrants in question, recites, in his own words, "same to be held by me until the final settlement after the assessment is made and the warrants due." The other, which he himself dictated and relates primarily to the warrants which he then surrendered, merely refers to the two warrants in question and recites "giving him the right to sell same at any time and to account to us for proceeds." This is wholly irreconcilable with his own receipt, which was confessedly given at the same time as a part of the same transaction and for the same ostensible purpose, namely to evidence the terms upon which he retained possession of the two warrants. Here was an attorney, dealing directly with his own clients touching their own property. If they in fact assented to the extraordinary agreement which he now claims they did, permitting him to sell the warrants at his own time and for whatever he saw fit, he should have expressed that contract in clearer terms than those found in the two receipts which are now his main reliance to establish it. The whole matter was in his own hands. Assuming that the receipt signed by Bailey when it was signed contained the authorization to sell these two warrants, the evidence is far from convincing that the respondents' attention was ever called to that fact, which directly contradicts the appellant's own receipt for these same warrants given at the same time. While parol evidence is seldom permitted to contradict a written contract, when the contradiction appears in the written evidence itself, the matter should be resolved most strongly against the party at whose instance the words were used. This is especially true when the parties occupy the relation of attorney and client, and the written evidence is prepared

by the attorney himself. We are not convinced that the minds of the parties ever met on the contract asserted by the appellant. We cannot say that the court erred in holding that no such contract was ever made. In the absence of a contract to that effect, he had no right to sell or dispose of the warrants. His attorney's lien gave him no such right. *Gottstein v. Harrington*, 25 Wash. 508, 65 Pac. 753.

It is admitted that the respondents immediately furnished the bond required by the court's order, and have now paid into court the attorney's fee established in the independent action. They are entitled to a delivery of the warrants.

The order is affirmed.

CROW, C. J., FULLERTON, MOUNT, and MAIN, JJ., concur.