[No. 21225. Department One. June 19, 1928.]

LILLIAN JACOBY PRICE, *Appellant*, v. JAMES R. CHAMBERS *et al., Respondents.*[1]

[1] JURY (4)—RIGHT TO JURY TRIAL—EQUITABLE ISSUES. A jury trial in an action against an attorney for money had and received is properly denied, where the answer raises equitable issues growing out of the attorney's claim for a lien upon the fund.

[2] ATTORNEY AND CLIENT (45)—LIENS—NATURE—CHARGES. An attorney has a charging, and not merely a retaining, lien upon moneys that came into his possession in the course of his employment.

Appeal from a judgment of the superior court for King county, Beals, J., entered March 15, 1928, dismissing an action to recover moneys retained under an attorney's lien for services. Affirmed.

*Robert D. Hamlin*, for appellant.

*James R. Chambers* and *Charles E. Claypool*, for respondents.

FRENCH, J.—The respondent, James R. Chambers, is an attorney at law. Plaintiff brought suit against him to recover the sum of $338.25, claiming that, in the course of his professional employment, the respondent, as her attorney, received approximately $1,000 for her use and benefit; that he paid to her certain amounts, and that on demand being made, refused to pay the balance of the money which he had collected. The answer denied generally any indebtedness, and alleged that respondent had been employed as attorney by the appellant and had represented her in a number of matters which, by the pleadings, appear to have been of considerable importance, and claiming that the

[1]Reported in 268 Pac. 143.

retained balance of $338.25 was held subject to an attorney's lien.

[1, 2] The reply made certain admissions and denials; appellant made proper and timely demand for a jury trial, and the refusal of the court to grant her a jury trial seems to be the only error which appellant is seriously urging.

"The nature of an action as to its being one at law or in equity is determinable, not by the complaint alone, but by a consideration of all the issues raised by all of the pleadings." *Thiel v. Miller,* 122 Wash. 52, 209 Pac. 1081.

See, also, *Peterson v. Philadelphia Mtg. & Trust Co.,* 33 Wash. 464, 74 Pac. 585; *Lindley v. McGlauflin,* 57 Wash. 581, 107 Pac. 355; *Nolan v. Pacific Warehouse Co.,* 67 Wash. 173, 121 Pac. 451, Ann. Cas. 1913D 167.

Appellant contends that the lien of an attorney is but a retaining lien and does not, by having been pleaded in the answer, change the nature of the action to one of equitable cognizance. The contention is also made that the retaining lien may not be enforced, but may be used only to worry or embarrass the client into the payment of charges, and cites in support of such contention *Gottstein v. Harrington,* 25 Wash. 508, 65 Pac. 753. We cannot so read the opinion. It seems to us that the distinguishing difference between the charging and retaining lien is there clearly pointed out.

"Originally, at the common law, there was no attorney's charging lien. There was a general or retaining lien, which consisted in a right to retain the papers of the client left in the attorney's hands until the amount due him for services was paid; and this lien has been very generally recognized in American jurisprudence. The special or charging lien, which is also recognized by the statute law of this country, and especially of this state, applies only to judgments,

money in hand or in the hands of the adverse party after notice. The statute of this state (Bal. Code, § 4772) is merely declaratory of the common law on the question of the general or retaining lien, but it recognizes the right to a special or charging lien, and provides the method of establishing the latter.''

This court again, in a later case, clearly recognized that under certain circumstances an attorney may have a charging lien.

''The statute, Rem. & Bal. Code, § 136, which authorizes an attorney's lien on a judgment, makes no provision for the procedure to be following in enforcing the lien nor any procedure that would destroy it. There can be no question but that, as between the parties to the action in which the judgment was entered, the court has a right to determine all questions affecting the judgment raised by the parties properly before the court, in some form of proceeding by which the matters might be properly adjudicated.'' *State ex rel. Angeles Brewing & Malting Co. v. Superior Court,* 89 Wash. 342, 154 Pac. 603.

No question is raised but what the establishment and enforcement of a lien raises a question of equitable cognizance. The answer, having converted the action to one in equity, was triably without a jury, even though the complaint pleaded merely an action for money had and received. Appellants therefore were not entitled to a trial by a jury. *Thiel v. Miller, supra.*

Judgment affirmed.

FULLERTON, C. J., PARKER, MITCHELL, and TOLMAN, JJ., concur.