[No. 25068. Department Two. September 12, 1934.]

JOHN S. HUDSON, *Plaintiff*, v. R. B. BROWN *et al.,*
*Defendants.*

GUARANTY TRUST COMPANY, *as Administrator, et al.,*
*Appellants,* v. GEORGE F. VANDERVEER
*et al., Respondents.*[1]

*Bonsted & Nichoson,* for appellants Guaranty Trust
Co. *et al.*

*Reba J. Hurn,* for appellant Sadie R. Brown.

*Kerr, McCord & Carey* and *John Geisness,* for re-
spondents.

HOLCOMB, J.—This appeal is from a judgment by
the lower court in a special proceeding in which ap-
pellants petition for an order for the substitution of

[1]Reported in 35 P. (2d) 756.

attorneys and the delivery of all papers and documents in an action wherein John S. Hudson sued appellants to recover damages in the sum of $220,000 for fraud in connection with a real estate transaction. The petition for substitution was filed on December 2, 1933, heard on January 2, 1934, and the judgment entered on January 5, 1934.

The case in which substitution was prayed, Hudson v. Brown and wife, had been pending for more than a year, and was set for trial on January 22, 1934, only seventeen days after the entry of the judgment herein.

The petition for substitution does not charge respondents with any negligence or professional misconduct of their business, but on the contrary, as appears from one of the court's findings of fact:

". . . said petitioners have been entirely satisfied by the services of said attorneys, and that said petitioners are asking that other attorneys be substituted in their stead in the above captioned case solely because of a dispute between them and the respondents over attorneys fees, and that the present proceeding on the part of petitioners is to defeat and deprive respondents of fees earned and disbursements made."

Answering the petition, respondents consented to the substitution of attorneys, but alleged that petitioners were indebted to them for professional services rendered and disbursements made, not only in the case of Hudson v. Brown and wife, but in five other Federal and state cases therein specified; and prayed that a time be fixed when a hearing might be had to determine the compensation due them. The indebtedness of petitioners was admitted at the trial, and the amount as fixed by the trial court is not questioned in this appeal.

It is stated by counsel for appellants that it was conceded at the outset by both petitioners and respondents that the only matter before the court was to de-

termine what fees were owing by petitioners to respondents. After two days of taking testimony on this subject, and after both parties had rested, on January 4, 1934, counsel for appellants sought to dismiss that part of their petition which asked for the delivery of the papers and documents, which prompted the court of its own motion to make the finding that the whole proceeding was inspired by a design to deprive respondents of their fees. At the conclusion of the arguments, on January 4, respondents, considering that counsel for petitioners would be embarrassed by so short a time as seventeen days to prepare for the trial of the case of Hudson v. Brown and wife, waived the right to be paid in full as a condition precedent to the substitution of attorneys, and consented that an order of substitution should be made upon the payment of only two thousand dollars and the entry of a judgment for the balance.

The court made further findings, in substance, that petitioner had employed respondents as their attorneys in the case of Hudson v. Brown and the other cases heretofore referred to, and that the reasonable value of the services performed by them in the case of Ivyl Barker, plaintiff, v. Reese B. Brown and wife, defendants, was two thousand dollars; in the case of Northern Pacific Railway Co., plaintiff, v. Reese B. Brown, doing business as National Woolen Mills, Inc., defendant, was two hundred and fifty dollars; in the case of Lybrand, Ross Bros. and Montgomery, plaintiffs, v. R. B. Brown, defendant, was one hundred dollars; in the case of Reese B. Brown and wife, petitioners, v. Commissioner of Internal Revenue, respondent, was thirty-five thousand dollars; in the case of Sarah E. Smith, petitioner, v. Commissioner of Internal Revenue, respondent, is four thousand dollars. That respondents made reasonable and necessary disbursements in petitioners' be-

half in connection with the foregoing matters in the sum of $1,497.03; that petitioners had paid unto respondents on account of such services and disbursements the sum of $4,050.44, and that there was still due respondents from petitioners on account of such services and disbursements, a balance of $40,796.59.

The court also found that respondents have certain papers belonging to petitioners which came into their possession in the course of their professional employment by petitioners, upon which they have a valid lien for the unpaid balance due them as above recited.

Upon such findings, the court made conclusions of law that it had full and complete jurisdiction over all parties to the proceeding and of the subject matter thereof; that petitioners were entitled to an order substituting Bonsted & Nichoson as their attorneys in that action in lieu and instead of respondents Vanderveer & Bassett; and directing Vanderveer & Bassett to deliver to petitioners all papers, documents, records, files and evidence in their possession or under their control in any wise relating to the above entitled action, or to the defense thereof, upon paying Vanderveer & Bassett the sum of two thousand dollars. Judgment was entered in accordance with the findings and conclusions.

This appeal followed, but, before the appeal was perfected, Reese B. Brown, one of the petitioners, died, and upon stipulation an order was duly made and entered substituting Guaranty Trust Company, administrator *de bonis non* of the estate of Reese B. Brown, deceased, in the proceedings on appeal, but for no other purpose.

The errors claimed by appellants are argued under three heads: that the court erred in entering a money judgment against appellants; in making any finding or determination as to the value of respondents' ser-

vices other than its finding of the reasonable value of the services rendered in the instant case; and in making its findings and adjudication that respondents have a lien upon other papers, records, documents, etc., not relating to the case at bar.

■ Our statutes governing the change of attorneys, so far as material, read:

"The attorney in an action or special proceeding may be changed at any time before judgment or final determination as follows: . . .

"(2) Upon the order of the court, or a judge thereof, on the application of the client, or for other sufficient cause; but no such change can be made until the charges of such attorney have been paid by the party asking such change to be made." Rem. Rev. Stat., § 133 [P. C., § 182].

"When an attorney is changed, as provided in the last section, written notice of the change, and of the substitution of a new attorney, or of the appearance of the party in person, must be given to the adverse party; until then, he shall be bound to recognize the former attorney." Rem. Rev. Stat., § 134 [P. C., § 183].

"An attorney has a lien for his compensation, whether specially agreed upon or implied, as hereinafter provided,—

"(1) Upon the papers of his client, which have come into his possession in the course of his professional employment;

"(2) Upon money in his hands belonging to his client;

"(3) Upon money in the hands of the adverse party in an action or proceeding, in which the attorney was employed, from the time of giving notice of the lien to that party;

"(4) Upon a judgment to the extent of the value of any services performed by him in the action, or if the services were rendered under a special agreement, for the sum due under such agreement, from the time of filing notice of such lien or claim with the clerk of the court in which such judgment is entered, which notice

must be filed with the papers in the action in which such judgment was rendered, and an entry made in the execution docket, showing name of claimant, amount claimed, and date of filing notice." Rem. Rev. Stat., § 136 [P. C., § 185].

"If, however, the attorney claim a lien upon the money or papers, under the provisions of this chapter, the court or judge may,—

"(1) Impose as a condition of making the order that the client give security, in the form and amount to be directed, to satisfy the lien, when determined in an action;

"(2) Summarily to inquire into the facts on which the claim of a lien is founded, and determine the same; or

"(3) To refer it, and upon the report determine the same as in other cases." Rem. Rev. Stat., § 138 [P. C., § 187].

Rem. Rev. Stat., § 137 [P. C., § 186], is immaterial in the case at bar.

We agree with respondent that the questions involved are whether it was proper for the court to determine the compensation due respondents for fees and disbursements, and having done so, whether it was proper to order part of the amount paid and enter judgment for the balance.

Counsel for both parties go far afield, and cite many cases from outside jurisdictions. Counsel for appellants especially rely upon decisions by courts of inferior jurisdictions in New York, and in one or two other states by courts of last resort.

Both parties strangely overlook several of our own cases which are almost decisive of, or have important bearing upon, the questions to be decided.

Appellants strongly rely upon *Gottstein v. Harrington*, 25 Wash. 508, 65 Pac. 753, where we held that our statute is but a recognition of the general law that a retaining lien may not be enforced, but may merely be

used to embarrass the client, or, as some cases express it, to "worry" him into the payment of the charges.

That case was discussed in a comparatively recent case (not cited), *Price v. Chambers,* 148 Wash. 170, 268 Pac. 143, where we stated that the decision in that case clearly pointed out the difference between a charging and retaining lien, but also said that the statute of this state, although merely declaratory of the common law on the question of the general or retaining lien, recognizes the right to a special or charging lien, and provides the method of establishing the latter. In the last cited case, we also approved a previous case, not cited by either party, upon this same attorney's lien statute, *State ex rel. Angeles Brewing & Malting Co. v. Superior Court,* 89 Wash. 342, 154 Pac. 603, where we also held that there can be no question but that, as between the parties to the action in which the judgment was entered, the court has a right to determine all questions affecting the judgment raised by parties properly before the court, in some form of proceeding by which the matters might be properly adjudicated. In the *Price* case, *supra,* it was held that no jury would be allowed, the case being one of equity jurisdiction arising out of a lien for attorney fees; and that an attorney has a charging and not merely a retaining lien upon moneys that came into his possession in the course of his employment.

In *Payette v. Willis,* 23 Wash. 299, 63 Pac. 254, we approved a decision by the supreme court of Idaho, in *Curtis v. Richards,* 4 Idaho 434, 40 Pac. 57, 95 Am. St. 134, passing upon a similar statute, which held that the changing of attorneys should not be allowed without first making, paying, or securing the fees earned, unless, as stated, the court should find this impossible or impracticable.

In *State ex rel. Robinson Co. v. Gilliam,* 94 Wash. 243, 161 Pac. 1194, upon the same statutes, we said:

"It seems clear from a reading of these sections that, when the claim of lien was made upon the money and papers in the attorney's hands, then the court should have proceeded summarily to inquire into the facts upon which the claim of lien was founded and determined the same. The least the court should have done was to fix the amount of a bond to secure the attorney for whatever lien he might have, and to require the money and papers in the hands of the attorney to be delivered to the relator. The court refused to do either, but dismissed the proceedings, . . . it is plain, under the terms of the statute, the relator is entitled to its property upon the filing of a bond to secure the attorney for whatever fees he shall be entitled to. It was the intention of the statute that the client should have his property immediately, and that the attorney might rest secure that he would obtain his reasonable fees. No harm can come to the attorney if the bond is given. Irreparable loss may occur to the relator if the property in the hands of the attorney is not delivered to the relator. We are satisfied that it was the duty of the trial court to proceed summarily and determine the amount of the attorney's fees, if any."

The only case from a court of last resort cited by appellants to the contrary is *Westerlund v. Peterson,* 157 Minn. 379, 197 N. W. 110. We are not disposed to accord with much of the reasoning and none of the results in that case, as it is contrary to our own construction of our statute; but it is unimportant, for that court did, on rehearing, state, in accordance with its previous decisions, that it ought to be too clear for comment that, in any proper case, the client may waive his action at law and proceed summarily against the attorney.

That is what was done in the instant case. The clients proceeded summarily against their attorneys, upon which summary proceeding the attorneys had the

right to have their attorneys' fees adjudicated for any balance due them, under all the well considered cases. It has been so definitely held in England, since the decision by the high court of chancery, in 1813, in *Stevenson v. Blakelock,* 24 English Ruling Cases, 693, that a solicitor has a lien for his general account on papers of his client which come to his hands in the course of his professional employment, unless he waives his lien by taking payment of his account or by bills payable at a subsequent date. The editor of American notes to that volume of reports, Professor Leonard A. Jones, of Harvard, stated, in 1901, the rule of that case is the general law in America, that the lien is for the attorney's general balance of account for professional services, whether rendered in the suit or matter to which the papers relate, or for other professional matters.

The rule has also been stated by the supreme court of the United States in *McPherson v. Cox,* 96 U. S. 404. See, also, Weeks on Attorneys at Law, 515; Jones on Liens, (3d ed.) 117; 6 C. J. 770; 2 R. C. L. 1063 and 1066.

We consider the contention of appellants that their request to withdraw the application for the return of the papers should have been granted, which would have caused a cessation of their proceedings and have withdrawn their consent, is without merit. At any rate, it was addressed to the sound discretion of the trial court. 1 Bancroft's Code Practice and Remedies, 708; *Beaver v. Slane,* 271 Pa. 317, 114 Atl. 509.

The findings, conclusions and judgment of the trial court are correct, and are affirmed.

BEALS, C. J., TOLMAN, BLAKE, and GERAGHTY, JJ., concur.