In re MURRAY.

LILIENSTEIN v. CARBERRY.

No. 6269.

Circuit Court of Appeals, Seventh Circuit.

Nov. 4, 1937.

James J. Graham and Michael Eckstein, both of Springfield, Ill., for appellant.

Edmund Burke and Gillespie, Burke & Gillespie, all of Springfield, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

This is an appeal from an order of the District Court entered in a summary proceeding brought by the trustee in bankruptcy of the bankrupt Murray, against the appellant, finding that an alleged indebtedness of Murray to appellant did not exist, and directing that his security by way of mortgage and deed covering real estate of the bankrupt be canceled.

Appellant contends that the court had no jurisdiction of the subject-matter or of his person in a summary proceeding; that the subject-matter is of such character that waiver of the objection to jurisdiction could not be made; that the accounting between the parties as stated by the referee in bankruptcy is erroneous; and that upon a true accounting appellant's alleged debt should be allowed and the security recognized. The appellee insists that, though the proceedings were summary in character, the suit was in effect one to set aside a conveyance of the bankrupt's property in fraud of his creditors; that the District Court has jurisdiction of such subject matter and that any objection to the character of the proceeding as being summary, instead of plenary, was waived by appellant; that the court proceeded with appellant's consent and that the decree is correct and should be affirmed.

For a number of years prior to his bankruptcy, Murray and appellant had been engaged in the live stock business under an oral agreement whereby cattle were purchased by appellant to be sold by him at a profit to the bankrupt, fattened by the bankrupt, and marketed by appellant for the bankrupt. In addition, other live stock was raised by Murray and marketed for him by appellant because, as was said, appellant could obtain better prices for such stock. Some years prior to his bankruptcy, Murray purchased the 40 acres of land involved herein, and borrowed from appellant some $6,500 to use in making payment of the purchase price. To secure this loan the bankrupt gave a mortgage upon the land to appellant. Murray's profit realized in the live stock transactions was to be applied upon his indebtedness, both secured and unsecured. This relationship continued from the early '20's until 1931; the parties having no final settlement, and the books being kept by appellant. The bankrupt was a man of little or no education, and appellant employed a bookkeeper, and it was agreed thus to preserve the records. The transactions between the parties were multitudinous in character.

During the course of the years, the mortgage indebtedness increased to $9,500. Finally, a week before the bankrupt filed his petition for adjudication, the latter, agreeing that the debt then amounted to $13,280, upon appellant's request, conveyed to him the 40 acres of land, receiving in return a contract allowing him to repurchase the property upon repayment of the amount of the debt. Such was the status at the time the adjudication in bankruptcy was entered.

Subsequent to the election of a trustee in bankruptcy, the latter applied for and obtained an order upon appellant to show cause why he should not reconvey the land to the trustee; why his notes and mortgages should not be canceled, and, upon an accounting, the alleged debt decreed satisfied and the property that of the trustee. To this petition appellant filed an answer on February 11, 1932, in which he did not question in any way the jurisdiction of the district court. He denied that the trustee was entitled to cancel the contract and the debt and to receive the land; that upon accounting the debt would prove to be nonexistent and that the trustee was entitled to any relief. At the same time he entered into a contract with the trustee, as a part of which he conveyed the land to the trustee upon agreement that when, upon accounting, the amount of his debt should be finally ascertained, if the trustee could sell the land for more than the debt, he should do so and that if he could not, the land should be abandoned by the trustee and reconveyed to appellant.

Thereafter, the parties proceeded with an accounting which was in great detail and embraced voluminous testimony and documentary evidence. Relying upon the evidence, the referee restated the account in final form as he deemed proper, and determined that instead of the bankrupt being indebted to appellant, the latter was indebted to the bankrupt in a sum exceeding $2,000. Later, the trustee waived the allowance of this amount.

When the report of the referee came to the District Court upon review, the court re-referred the matter to the referee, with direction to consider certain additional evidence and the question of jurisdiction then

614

raised by appellant, specifically, for the first time. The referee, after considering the additional evidence, filed an additional report finding that he had jurisdiction, and that upon accounting the bankrupt was not indebted to appellant, and that the property should be decreed to be that of the bankrupt estate.

The bankruptcy court has no jurisdiction to entertain a summary proceeding to recover property held by an adverse claimant alleged to be rightfully that of the bankrupt estate, in the absence of the latter's consent. It has jurisdiction of such controversies in plenary suits brought by the trustee. However, it is equally true that, having jurisdiction of the subject-matter in a plenary suit, the objection to proceeding summarily may be waived by the adverse party by an answer amounting in law to consent to the procedure. In other words, the objection to summary procedure does not go to the jurisdiction of the subject-matter but to the jurisdiction to proceed in a summary way. This clearly may be waived. Thus in McDonald v. Plymouth County Trust Co., 286 U.S. 263, 52 S.Ct. 505, 506, 76 L.Ed. 1093, the trustee filed a petition with the referee to set aside a transfer of property by the bankrupt as a voidable preference under the Bankruptcy Act. The respondent appeared in the proceedings, denying the allegations of the petition, but questioning in no way the jurisdiction to proceed in a summary proceeding.

The referee granted the relief prayed. The District Court (46 F.2d 811) upon review, approved. Upon appeal, the United States Circuit Court of Appeals (53 F.2d 827) held that as the issues could be tried only in a plenary suit, the referee was without jurisdiction to decide them. The Supreme Court, upon certiorari granted (285 U.S. 533, 52 S.Ct. 407, 76 L.Ed. 928), commented that under the Bankruptcy Act a trustee in bankruptcy is authorized to maintain plenary suits to recover property transferred by the bankrupt in the bankruptcy court wherein the bankrupt estate is being administered; that the District Court had jurisdiction of the subject-matter; that the referee, after reference, is a court within the meaning of the Bankruptcy Act; and that, the defendant consenting, he might try and determine the issues in a summary way. The court said: "That he may not try such issues without the consent of the defendant has been often

and uniformly held. Louisville Trust Co. v. Comingor, 184 U.S. 18, 26, 22 S.Ct. 293, 46 L.Ed. 413; Babbitt v. Dutcher, 216 U.S. 102, 113, 30 S.Ct. 372, 54 L.Ed. 402, 17 Ann.Cas. 969; Weidhorn v. Levy, 253 U.S. 268, 273, 40 S.Ct. 534, [536], 64 L.Ed. 898; Harrison v. Chamberlin, 271 U.S. 191, 193, 46 S.Ct. 467, 468, 70 L.Ed. 897; see, also, Daniel v. Guaranty Trust Co., 285 U.S. 154, 52 S.Ct. 326, 76 L.Ed. 675. In cases where the defendant made timely objection to a determination by the referee, it has been said that the referee is without power to hear the issues involved in a plenary suit, and that such a suit, if brought before him, must be dismissed for want of jurisdiction. * * * But a distinction is to be noted between the power of the referee to decide the issues in such a suit brought before him without objection, and his power to compel the litigation of them before him, over the objection of the proposed defendant. Where a suit by the trustee is plenary in character, as are those authorized by section 60b, both parties to it are entitled to claim the benefits of the procedure in a plenary suit, not available in the summary method of procedure which, under the provisions of the Bankruptcy Act, is employed by the referee. A denial of those benefits would be in effect a denial of the right to a plenary suit, to which both parties are entitled under section 60b. But it does not follow that this privilege, extended for the benefit of a suitor, may not, like the right to trial by jury, be waived (see Harrison v. Chamberlin, supra; cf. Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263), and, being waived, that the referee is without the power given to courts of bankruptcy to decide the issues. * * * We can perceive no reason why the privilege of claiming the benefits of the procedure in a plenary suit, secured to suitors under section 60b, and section 23b [11 U.S.C.A. §§ 96(b), 46(b)] may not be waived by consent, as any other procedural privilege of the suitor may be waived, and a more summary procedure substituted." See, also, Page v. Arkansas Natural Gas Corporation, 285 U.S. 532, 52 S.Ct. 407, 76 L.Ed. 927; Bryan v. Bernheimer, 181 U.S. 188, 21 S.Ct. 557, 45 L.Ed. 814; In re Rockford Produce Co. (C.C.A.) 275 F. 811; Schumacher v. Beeler, 293 U.S. 367, 55 S.Ct. 230, 79 L.Ed. 433; Central Republic B. & T. Co. v. Caldwell (C.C.A.) 58 F.(2d) 721; Bachman v. McCluer (C.C.A.) 63 F.(2d) 580.

Here, appellant filed his answer to the show cause order upon the merits. He voluntarily conveyed the property to the trustee in bankruptcy to abide the outcome of the hearing; he presented all of his evidence upon an accounting. It was too late for him thereafter for the first time to question the jurisdiction of the court over the subject-matter. He had waived his personal privilege of demanding that the cause of action be asserted in a plenary proceeding. He must be held to have consented to the jurisdiction.

We have read with care the voluminous record upon the accounting, including the narrative statement of evidence submitted by appellant. The referee prepared a careful, well-considered report indicating studious regard of all the evidence submitted to him. We have considered the criticisms offered by appellant to various items and examined the record with regard thereto, and find that the findings and conclusions of the referee were correct upon the record, and that the evidence supports the same.

True it is, that the bankrupt, within a week prior to his bankruptcy, admitted an indebtedness of $13,280 to appellant and evidenced this admission by the execution and delivery of a deed of his land to appellant. This act is in striking contrast to his later testimony, and is a strong commentary upon his credibility. But upon examination we find the evidence tends to support his testimony, and the careful report of the referee, approved by the District Court upon review, indicates full and discriminating consideration of all elements proper to be considered in passing upon the credibility and weight of the evidence. The referee saw the witnesses upon the stand, some of them for many days. He had full opportunity to observe them. He considered the various statements of account made, disallowed some of the bankrupt's claims, accepted some claims of appellant objected to by the bankrupt, gave his reasons for action as to each item, and apparently gave to all elements involved as full consideration as a judicial officer could give. His report was approved by the District Court.

Such findings made by the referee upon testimony of witnesses, examined before him, where the evidence is conflicting, have every reasonable presumption in their favor, particularly after being approved by the District Court, and will not be disturbed or set aside unless it very clearly appears that there was error or mistake. Page v. Rogers, 211 U.S. 575, 29 S.Ct. 159, 53 L.Ed. 332. Our examination of the record discloses no such error. We are unable to say that we should modify the judgment of the trier of the facts. The order is affirmed.