**In re DUNGENESS TIMBER CO., Inc.**

**No. 35141.**

District Court, W. D. Washington, N. D.

Oct. 30, 1942.

Robbins & Rickles, of Seattle, Wash., for trustee.

Trumbull, Severyns & Trumbull, of Port Angeles, Wash., for respondents.

BLACK, District Judge.

This matter is on review before the court from the decision of the referee in bankruptcy, now deceased, denying to Trumbull, Severyns & Trumbull, attorneys, the right to retain any of the proceeds of a certain negotiable instrument of the face value of $314 above the value of the specific services of said attorneys in collecting said negotiable instrument.

By reason of the death of the referee who made such decision prior to the certification of the record to this court on review, such certification of necessity was by his successor, who was limited in his ability to certify as to certain facts.

For the purpose of avoiding a re-reference of the matter to such successor referee to again hear the evidence a stipulation was filed by the parties as to certain facts on review.

The matter, therefore, comes before this court upon the record as so certified by such successor and upon the stipulation.

From such the following appears to be uncontroverted: That a petition for reorganization of Dungeness Timber Company, Inc., a corporation, was filed in this court by such corporation on February 9, 1939; that about eight months previously the Dungeness Timber Company, Inc., held as owner the promissory note or trade acceptance or a similar negotiable instrument signed by the Neuwissen Lumber Company of Minnesota payable to said Dungeness Timber Company, Inc., in the sum of $314; that at such time said Dungeness Timber Company, Inc., was indebted to Trumbull, Severyns & Trumbull for attorney fees for

services previously performed in an amount substantially in excess of the face value of said negotiable instrument; that the president of said company and one of said attorneys at about such time had a conversation in which it was understood that the attorneys should take such instrument and should endeavor to collect same and that in the event of collection that said attorneys, as testified by such one, should keep the proceeds and apply it on the account, or, as testified by such company president, when the same was collected that the company would balance up its account; that such negotiable instrument was endorsed by the company and then or thereabouts mailed or delivered to such attorneys; that the attorneys sent same to Minnesota to an attorney of their selection for the purpose of collecting same; that before payment but after indication of intention of payment by the maker and about eight months after the attorneys received the endorsed negotiable instrument, as aforesaid, the company filed its petition for reorganization and listed same as an asset; that five or six weeks thereafter said instrument was collected and the Minnesota attorney, after retaining his fee, transmitted the balance of the proceeds, amounting to $298.71, to Trumbull, Severyns & Trumbull, who received same on or about March 21, 1939; that they then applied same on account of their indebtedness.

Some considerable time after such payment and application the company was adjudicated bankrupt and the present trustee appointed.

In due course, at his request, a show cause order was issued to said attorneys requiring them to appear before the referee and show cause why they should not account for and surrender to said trustee the proceeds of such collection. Pursuant thereto said attorneys did appear before said referee and answering said order to show cause alleged that in May, 1938, the note or trade acceptance had been delivered to them with the express understanding that the same, when collected, would apply on the account owing by said Dungeness Timber Company to said attorneys; that they received same more than four months prior to the filing of the reorganization petition; that same did not constitute any preference and that moreover the said attorneys, under the statutes of this state, had a preferred claim or lien against such fund for legal services; wherefore the attorneys prayed that the petition and order to show cause should be dismissed and that they should recover their costs.

After the referee by written order held that such attorneys were only entitled to retain the reasonable value of their services in effecting such particular collection the said attorneys interposed their petition for review in which they alleged that the order was erroneous in that same held that there was neither a legal nor equitable assignment of said note to said attorneys and in that said order denied the right of lien of said attorneys for services other than the specific collection. Neither in said petition for review nor in any of the proceedings below did said attorneys in any wise object to or question the authority of said referee to decide said issue upon the merits.

When the parties appeared before this court for argument for the first time said attorneys asserted that neither this court nor the referee had or have any jurisdiction of the subject matter of the action, it being their position that they had never consented to the proceedings against them. In addition, the said attorneys continued to assert that even if the court had jurisdiction they had a right to all of the proceeds of said instrument upon the ground that same had been endorsed to them and moreover upon the ground that they had a lien for the amount of their services which far exceeded the proceeds of said negotiable instrument.

█ Under the overwhelming weight of authority and under the almost unanimity of recent authority the said attorneys waived their right to insist upon a plenary action against them in state court. When they appeared in the proceeding before the referee, made proof and urged the arguments they did, such, under the authorities, constituted a consent in law to the proceedings against them. Under the circumstances the tardy objection above-mentioned can be of no effective avail. Among the host of decisions the following establish the lack of merit in such belated contention of said attorneys: Rhode v. Durst, 9 Cir., 28 F.2d 980; In re Murray, 7 Cir., 92 F.2d 612; In re Ackermann, 6 Cir., 82 F.2d 971; In re West Produce Corporation, D.C., 33 F. Supp. 991; Bachman v. McCluer, 8 Cir., 63 F.2d 580. It must, therefore, be held that this court now has, and that the referee did have, jurisdiction.

█ Under the uncontroverted state of facts existing it is clear that under the lien statute of this state, Rem.Rev.Stat. § 136,

said attorneys up to the time of the filing of the reorganization petition in any event had a right of lien against said negotiable instrument for all of the attorney fees due them not only in connection with the collection of such specific instrument but in connection with the other matters for which compensation was owing. They would have had such lien even without any endorsement and by virtue of such lien no creditor of said company could by execution or attachment have taken said negotiable instrument except subject to such attorneys' lien which was for an amount exceeding the face thereof. It makes no difference, as I see it, whether the conversation was as Mr. Severyns testified or whether it was as the company president testified. Under the testimony of either it was acknowledged that there was an indebtedness for attorneys' services due said attorneys. When the negotiable instrument came into the possession of the attorneys for collection the attorneys would have had the right to retain said instrument until they were paid and after collection to retain and apply the proceeds upon the amount due them, unless the reorganization and bankruptcy proceedings deprived them of such right.

■ Where the owner and holder of a negotiable instrument who is not indebted to an attorney for any services sends or delivers same to the attorney for collection and unnecessarily endorses same such endorsement can be disregarded, as it can be treated as an unnecessary and idle act and in no wise changing the position of the parties. It would appear that the attorneys' rights in that case would be the same as though such unnecessary endorsement had not occurred.

■ But where the original payee, recognizing an existing indebtedness for services for which the attorneys have under the statute and decisions of this state (Price v. Chambers, 148 Wash. 170, 268 P. 143; Hudson v. Brown, 179 Wash. 32, 35 P.2d 756) a charging and not merely a retaining lien, endorsed the negotiable instrument and delivers it to such attorneys, I am compelled to the belief that the original payee thereafter only has the equitable right to insist that the attorneys shall account to the payee for the excess of any collection proceeds over the amount of the attorneys' lien. The presumption, which it would require satisfactory evidence to refute, is that the endorsement was intended to be for the benefit of the attorneys in connection with the indebtedness owed them. If that be true it follows that no creditor of the payee could have any greater right than the payee had. And the trustee would have no greater right than a creditor. Thus, it would seem that the reorganization and bankruptcy proceedings could not affect the rights of the attorneys arising under their lien and such endorsement.

It is true that the situation is complicated by the fact that after reorganization was commenced but long before any trustee was appointed the instrument was collected. But this was not a surrender of the instrument back to the payee so as to cancel the right of lien. The instrument had been endorsed and turned over to the attorneys so that they might collect same. This the attorneys did. Such collection was no departure from any purpose of the delivery nor from any instruction. It was in complete accord with what was intended. The retention and application of the proceeds was likewise in complete accord with what, under the lien statute and decisions, the company and the attorneys must have contemplated would be the result.

The contention of the trustee that under the law his rights refer back to the time the petition for reorganization was filed has not been overlooked. But at that time the instrument was in existence, endorsed, and in the possession of the attorneys. Certainly, the trustee at such time could have had no right to the negotiable instrument except subject to the full lien rights of the attorneys. To me the conclusion is inescapable that the collection of said instrument in March, 1939, was no invasion of the right of the futurum trustee. The trustee could not have taken the endorsed instrument without payment of the face value of same to the attorneys on account of their lien claim. The trustee would have gained nothing had the collection not been made by the attorneys.

It appears to me that by virtue of the endorsement of such negotiable instrument neither the company nor the trustee had any authority over same or anything more than an equitable right to insist that the attorneys should apply the proceeds of any collection upon the indebtedness due them covered by the lien statute and should account for any surplus. However, no one contends in this instance that there could have been any surplus for which to account.

It does not seem to me that either the said Dungeness Timber Company or any credi-

tor of it could have ignored such endorsement and the possession of such endorsed instrument by attorneys possessed of such a lien claim. If neither the company nor a creditor could have ignored same it seems that the bankruptcy trustee likewise could not ignore same. Therefore, I am unable to see that this court would have any right to ignore such endorsement under such circumstances.

It is not necessary to this decision that the exact appropriate term be applied to the relationship of said attorneys to said endorsed negotiable instrument nor of the relationship of the said company to it after the company had endorsed and delivered it to the attorneys protected by said lien statute. The terminology would be merely a matter of nomenclature.

My holding, therefore, is that by virtue of the endorsement of the negotiable instrument and the delivery of same considerably more than four months prior to the filing of the reorganization and by reason of the fact that there was then due the attorneys for legal services an amount far in excess of the face of same for which the statute of this state gave the attorneys a lien upon said instrument and upon the proceeds of same by collection, that the attorneys were not bound to pay any portion of said proceeds to the trustee. This is true particularly since the collection was made long before any trustee was appointed although I am of the opinion that if the company had been adjudicated a bankrupt and collection had been made after the appointment of the trustee that the legal effect would be the same. In any event the legal position of the trustee is not strengthened by not being appointed until long after the collection.

This conclusion, it seems to me, is amply supported by the following: Rem.Rev. Stat. § 136, Lien of Attorneys; § 137, Proceedings to compel delivery of papers; § 138, Proceedings where lien exists; Price v. Chambers, 148 Wash. 170, 268 P. 143, supra; Hudson v. Brown, 179 Wash. 32, 35 P.2d 756, supra; 5 Am.Jur., Attorneys at Law, § 213; 7 C.J.S., Attorney and Client, §§ 209–211, inclusive; In re Stronge & Warner Millinery Co., D.C., 33 F.2d 1001 (involving an attorneys' lien statute worded the same as that in the State of Washington); Webster v. Sweat, 5 Cir., 65 F. 2d 109; In re Eurich's Ft. Hamilton Brewery, D.C., 158 F. 644; Hartman v. Swiger, D.C., 215 F. 986.

It is not necessary at this time to determine what the rights of the attorneys would have been in the face of the reorganization and bankruptcy proceedings had said negotiable instrument not been endorsed. I am not at all convinced that under the facts here stated even then the attorneys would not have had the right to have retained the proceeds collected and to have applied it upon their claim for services to said Dungeness Timber Company.

Presentation of appropriate order in conformity herewith is requested.