[No. 12743.  Department Two.  January 19, 1916.]

THE STATE OF WASHINGTON, *on the Relation of Angeles Brewing & Malting Company et al., Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Vivian M. Carkeek, Judge Pro Tempore, et al., Respondents.*[1]

APPEAL—DECISIONS APPEALABLE — AFFECTING SUBSTANTIAL RIGHTS —ATTORNEY'S LIEN—REFUSING TO STRIKE.  The denial of a motion to strike an attorney's lien upon the judgment, because the present was not the proper time to test the validity of the lien, does not affect any substantial right and is not appealable.

CERTIORARI—WHEN LIES—PROCEEDINGS ANCILLARY TO APPEAL—ATTORNEY'S LIEN—STRIKING.  The denial of a motion to strike an attorney's lien upon the judgment, pending appeal, for the reason that its validity could not be determined by such motion, being a proceeding ancillary to a case pending on appeal in the supreme court, is subject to review by writ of certiorari.

ATTORNEY AND CLIENT—LIEN—VALIDITY—DETERMINATION — POWER OF COURT.  The statute being silent as to the procedure to enforce an attorney's lien upon a judgment, the court may determine the matter in some form of proceeding if the parties are properly brought before it.

SAME—LIEN—VALIDITY—DETERMINATION—PROCEDURE — MOTION TO STRIKE—NECESSARY PARTIES.  The validity of an attorney's lien upon a judgment cannot be tested by plaintiff's motion to strike the lien, where the judgment subrogated to the rights of the plaintiff two insurance companies to the extent of a specific sum, and they were not made parties to the proceeding although affected by the lien, and other interested parties were compelled to come before the court on six days' notice, ignoring the statutory notice for litigants; since the motion was an independent proceeding requiring the presence of all interested parties.

Application filed in the supreme court April 5, 1915, for a writ of certiorari to review an order of the superior court for King county, Vivian M. Carkeek, judge *pro tempore*,

[1]Reported in 154 Pac. 603.

denying a motion to strike a lien for attorney's fees. Denied.

*A. W. Buddress*, for relators.

*Edward Judd*, for respondents.

MORRIS, C. J.—This is an original application for a writ to review an order of the superior court for King county, Vivian M. Carkeek, judge *pro tempore*, denying a motion to strike an attorney's lien filed against the judgment in *Angeles Brewing & Malting Co. v. Carter, ante* p. 335, 154 Pac. 601.

Subsequent to the rendition of the judgment in that case, the superior court of Clallam county entered an order removing J. F. Janecke as receiver of the Brewing Company, and appointing G. M. Lauridsen in his stead. Lauridsen thereupon retained A. W. Buddress as his attorney, and an order was entered substituting Lauridsen as plaintiff in place of Janecke, and Buddress as attorney for the plaintiff. Thereafter Willett & Olson, who had represented the receiver in the *Carter* case, filed in that case a notice of attorney's lien in which they claimed a lien for $4,000 on the judgment therein, for their services in obtaining the judgment. Relator Lauridsen thereupon filed a motion to strike the lien, the substance of which is as follows:

"Now come the plaintiffs in this cause and move this honorable court to strike from the records and files in the above entitled cause the purported 'Notice of Claim of Lien' and the purported Claim of Lien, dated August 14, and filed August 15, 1914, in said cause, whereby O. L. Willett and Frank Olson, doing business under the firm name of Willett and Olson, as attorneys in the city of Seattle, state of Washington, wrongfully claim a lien upon the judgment rendered in the before entitled cause in favor of the plaintiffs and against the defendant, H. Carter, Inland Navigation Company, a corporation, and the Puget Sound Day Line, a corporation; this motion is based on the records and files in said cause, and on the ground that said Willett & Olson have

not, nor either of them, any lien upon nor claim to said judgment; that said purported claim of lien was made and filed after the said Willett & Olson withdrew from said cause and A. W. Buddress was substituted in their place and stead as the attorney for the plaintiffs; that no such lien is given nor authorized by law; and that said Willett & Olson are barred from claiming any such lien by reason of the fact that they elected to hold one J. F. Janecke individually only for the total amount of all of their alleged demands, including the amount included in said claim of lien, by commencing suit in said superior court against said J. F. Janecke, individually, therefor and obtaining judgment against him for the same in cause number 103,619 in said court. That said claim of lien was made and filed without any leave of court appointing said receiver, or any other court."

The trial court overruled the motion to strike, for the reason, "that the present is not the proper time to take any such action. No attempt is being made to foreclose the lien and, from an examination of the records and the decisions, I am of the opinion that the motion is not well taken."

Relator now seeks by certiorari to review this decision. Respondents Willett & Olson appeared, demurred to the petition for want of facts, and also answered.

It is apparent from the views expressed by the trial judge that he did not in any manner pass upon the validity of the lien, nor upon the right of Willett and Olson to file a lien upon the judgment obtained by them in the *Carter* case; and, as no substantial rights of the parties were affected, an appeal would not lie from the order; but since the trial judge did adjudicate that the validity of this lien could not be determined by a motion to strike the lien, and as the motion to strike was a proceeding ancillary to the *Carter* case, which was at that time pending in this court on appeal, certiorari is the proper procedure to review the ruling. Relator argues entirely in his brief that the lien is void; but as the decision of the trial court touched only the manner of procedure to remove the lien and not its validity, the only question before

us is one of procedure, unless we decide that the action taken was the proper procedure to test the validity of the lien.

The statute, Rem. & Bal. Code, § 136 (P. C. 25 § 33), which authorizes an attorney's lien on a judgment, makes no provision for the procedure to be followed in enforcing the lien nor of any procedure that would destroy it. There can be no question but that, as between the parties to the action in which the judgment was entered, the court has a right to determine all questions affecting the judgment raised by parties properly before the court, in some form of proceeding by which the matters might be properly adjudicated. Our inquiry, then, must be whether the court had before it, upon the motion to strike, all the parties who would be affected by the action of the court in declaring the lien valid or in declaring it invalid and striking it. It is not necessary to decide whether the motion to strike would be the proper procedure, if the validity of the lien were determinable from the record before the court, and we express no opinion upon that question, as we find that all the parties interested in the notice were not properly before the court, and that the validity and reasonableness of the lien could not be determined by the procedure adopted by the relator. The judgment in *Angeles Brewing & Malting Co. v. Carter* subrogated the Pacific Marine Insurance Company and the China Traders Insurance Company "to the rights of the plaintiffs in the sum of $1,809.20 of the judgment, found in favor of the plaintiffs," by reason of their position as insurers of the hull of the Albion. Neither of these companies, both of whom were affected by the lien, was made a party to the proceeding in which the lien and the motion to strike were filed, and this is an attempt on the part of relator to litigate the validity of the lien by a proceeding in which all interested parties were not before the court; and as to those served, the statutory notice provided for litigants was ignored, and they were compelled to come before the court on six days' notice and have their claim determined in a proceeding in which no evidence could

be taken to determine the right of respondents to the lien. Such procedure finds no support in law. As between parties to the suit, the court has the right to determine all issues raised by the pleadings; but the filing of the lien and the motion to strike involved an independent transaction between the new receiver and the former receiver's attorneys, who are not in court except through the motion to strike, and between the insurance companies, which are not before the court at all in this proceeding. The lien and the motion concerned a question of debt for services rendered. If the respondents saw fit they could, after filing the lien, bring an action to foreclose and have the right to the lien and its reasonableness determined in any proper forum. The validity of such a lien, and the legality and justice of the claim, are questions which cannot in this instance be determined by a summary proceeding to strike. The lien here was filed in conformity with the statute granting it, and if the court should deprive the lien claimants of this lien, or declare it reasonable as to parties against whom it might be enforced, in an action in which they were not properly before the court, it would be acting without authority of law and depriving litigants of rights granted them by law.

We are, therefore, of the opinion that the ruling of the trial court was correct, and the demurrer to the petition for the writ of certiorari is sustained. It is so ordered.

FULLERTON, ELLIS, and MAIN, JJ., concur.