[No. 23184.   Department One.   August 12, 1931.]

J. E. Keyes, *Respondent*, v. H. Ahrenstedt, *Defendant*, S. D. Wingate *et al., Appellants.*[1]

*Wingate & Benz* and *Morris & Dubuar,* for appellants.

*S. H. Kelleran* and *L. H. Wheeler,* for respondents.

Parker, J.—This is an appeal by Wingate and Dubuar in their own behalf. They are attorneys for Ahrenstedt, who has a judgment rendered in his favor against Keyes in this action. They seek reversal of an order of the superior court for King county staying proceedings in the action looking to the collection of the judgment; which order, they claim, erroneously impairs their claim of attorneys' lien upon the judgment.

On June 1, 1928, Keyes was, by the superior court for King county, awarded a judgment against Ahrenstedt for the sum of one thousand dollars in this action. Under an execution issued upon that judgment, there was a levy made upon certain shares of stock as

[1]Reported in 1 P. (2d) 843.

Ahrenstedt's property. In response to a motion to set aside that levy, the superior court, on September 27, 1929, entered an order setting aside that levy. From that order Keyes appealed to this court, wherein the order was affirmed by our decision reported in *Keyes v. Ahrenstedt,* 156 Wash. 526, 287 Pac. 35; these appellants successfully representing Ahrenstedt in that proceeding in both the superior court· and this court. In that judgment of affirmance, Ahrenstedt was awarded costs against Keyes in the sum of $55.15.

On May 21, 1930, that judgment was, by remittitur, duly made of record in the superior court and thereby became, in legal effect, for the purposes of collection, the judgment of the superior court. On May 22, 1930, appellants filed in the cause in the superior court their notice of claim of attorneys' lien upon that judgment, for services rendered by them to Ahrenstedt in the action. The record before us does not show that any foreclosure or adjudication of appellants' claim of at-torneys' lien was ever had or asked for in any judicial proceeding.

On May 26, 1930, Keyes, by his counsel, filed in the .cause a paper embodying several motions looking to the disciplining of Ahrenstedt by contempt proceedings and otherwise, and the suspension of all proceedings looking to the collection of the $55.15 cost judgment rendered in his favor against Keyes. On December 30, 1930, these motions having been heard, appellants representing Ahrenstedt and also themselves as lien claimants against the judgment, the court entered its order, reading, so far as need be here noticed, as follows:

"Now, THEREFORE, IT IS HEREBY ORDERED, as follows, to-wit:

"(1) That any and all proceedings looking to the collection of any judgment herein for costs in favor

of defendant, particularly the judgment for $55.15 against the plaintiff and the Maryland Casualty Company, noted in Vol. 98, of Execution Dockets, at page 67, in the office of the clerk of the above entitled court, shall be stayed until such time as the defendant Ahrenstedt purges himself from contempt of court, and the motion of the plaintiff to the said extent is hereby granted.

"(2) That except as stated in the foregoing paragraph of this order, all said motions filed herein on May 26th, 1930, in so far as they affect the attorney's lien or right of lien, are hereby denied, . . ."

On January 2, 1931, appellants appealed from that order to this court.

It is plain that appellants make their claim of lien against the $55.15 cost judgment procured by them for their client Ahrenstedt against Keyes, under Rem. Comp. Stat., § 136, providing that:

"An attorney has a lien for his compensation . . .

"(4) Upon a judgment to the extent of the value of any services performed by him in the action, . . . from the time of filing notice of such lien or claim with the clerk of the court in which such judgment is entered, . . ."

It seems to us also plain that appellants are not now, their lien being unadjudicated, entitled to enforce collection for themselves of the judgment on which they claim the lien; and that the fact that enforcement of its collection by Ahrenstedt, their client, is suspended by the order from which they have appealed, does not impair their unadjudicated claimed lien right. They are not, by the order from which they have appealed, prevented from having their claimed lien right adjudicated by appropriate judicial proceedings. It may be that, when they have so successfully established their lien against the judgment, they will be in a more favorable position to enforce the collection of the judgment, even though Ahrenstedt's right of enforc-

ing collection thereof may be then suspended. To what extent appellants may then be entitled to enforce collection of the judgment, we are not now called upon to decide.

Our decisions, some inferentially and some directly, hold that a lien claim of this nature must be adjudicated by some appropriate judicial proceeding before becoming finally effective. *Chambers v. Territory,* 3 W. T. 280, 13 Pac. 336; *State ex rel. Trumbull v. Sachs,* 3 Wash. 371, 28 Pac. 540; *Humptulips Driving Co. v. Cross,* 65 Wash. 636, 118 Pac. 827, 37 L. R. A. (N. S.) 226; *State ex rel. Angeles B. & M. Co. v. Superior Court,* 89 Wash. 342, 154 Pac. 603; *Golden v. Hyde,* 117 Wash. 677, 202 Pac. 272; *In re Wren's Estate,* 163 Wash. 65, 299 Pac. 972. Rem. Comp. Stat., § 136, from which we have above quoted, has been the law since 1863, and all of the decisions above cited were rendered since then.

We conclude that the order from which the appeal is taken must be affirmed. It is so ordered.

TOLMAN, C. J., MITCHELL, HOLCOMB, and MAIN, JJ., concur.