170 P.3d 53 (2007)
KING COUNTY, a county of the state of Washington, Respondent,
v.
SEAWEST INVESTMENT ASSOCIATES, LLC, a Washington limited liability company; West Coast Telephone Company, an easement holder; Horizon Bank, a grantee/beneficiary of a deed of trust; and Westward Financial Services, Inc., trustee of a deed of trust, Appellants.
No. 59333-1-I.
Court of Appeals of Washington, Division 1.
October 22, 2007.
Matthew F. Davis, Attorney at Law, Seattle, WA, for Appellants.
Larry John Smith, Estera Felice Gordon, Matthew R. Hansen, Graham & Dunn PC, Seattle, WA, for Respondent.
Bart Joseph Freedman, Alina Ann Mclauchlan, Laura Kristine Clinton, Kirkpatrick & Lockhart Preston Gates Ell, Verna P. Bromley, King Co. Admin. Bldg., Seattle, WA, for Other Parties.
COX, J.
¶ 1 Seawest Investment Associates, LLC claims the trial court was without authority to adjudicate in a proceeding ancillary to this action the validity and amount of the attorney lien filed in this matter by the law firm of Graham & Dunn. We hold that the trial court properly exercised its discretion to ensure that all necessary persons participated *55 in the lien enforcement proceeding and that all were afforded due process. Accordingly, we affirm.
¶ 2 Seawest hired Graham & Dunn to represent it in this eminent domain proceeding brought by King County as the matter approached trial. Two other law firms had represented Seawest in the proceeding before Graham & Dunn assumed representation. The matter went to trial and consumed some 15 trial days.[1]
¶ 3 On June 9, 2006, the trial court awarded Seawest more than $7.6 million as just compensation for the taking of its property. Although the judgment was for less than Seawest had sought, it exceeded the amount that the County had been willing to pay by more than $3 million dollars.
¶ 4 Shortly thereafter, a dispute arose between Seawest and Graham & Dunn over the firm's compensation for the legal services it provided. On June 23, 2006, Graham & Dunn duly filed and served its Notice of Attorney's Claim of Lien in the amount of $324,956.68.[2] On July 14, in response to Seawest's motion, the court entered an order for partial disbursement of the award to Seawest. The order further directed that $84,728.23 be disbursed to Graham & Dunn, which represented the unpaid balance for fees and costs that Seawest did not dispute. The remaining $240,228.45 in the registry was the amount subject to the dispute between Graham & Dunn and Seawest. Graham & Dunn withdrew as counsel for Seawest as of July 24.
¶ 5 Thereafter, the trial court, after consultation with Graham & Dunn and new counsel for Seawest, set an evidentiary hearing for November 20 and 21, 2006. At that hearing, the court ruled that it had jurisdiction to hear the case. It then took testimony from a number of witnesses, admitted exhibits, and reviewed a deposition transcript admitted as part of the evidence. The court held that Seawest and Graham & Dunn had entered into a binding written fee agreement. The court further determined that Graham & Dunn's fees were reasonable. The court entered its order directing disbursement of the balance of the $240,228.45 in the court registry to Graham & Dunn.
¶ 6 Seawest appeals.

LIEN FOR ATTORNEY FEES

Statutory Interpretation
¶ 7 Seawest argues that the attorney lien statute, chapter 60.40 RCW, does not permit the procedure the trial court followed in this case. Specifically, it argues that the statute requires the attorney lien be adjudicated in an action separate from this condemnation proceeding.[3] We hold that RCW 60.40.030, on which Seawest bases its argument, is not applicable under the circumstances of this case. But the trial court properly exercised its discretion to adjudicate the lien claim as an ancillary matter to this proceeding.
¶ 8 Our fundamental objective in reading a statute is to ascertain and carry out the legislature's intent.[4] If a statute's meaning is plain on its face, then we must give effect to that plain meaning.[5] Under the plain meaning rule, such meaning is derived from all that the legislature has said in the statute and related statutes that disclose legislative intent about the provision in question.[6] A court should not adopt an interpretation that renders any portion meaningless.[7] Strained meanings and absurd results should be avoided.[8] The meaning of a statute is a question of law that we review de novo.[9]
*56 ¶ 9 We may affirm on any basis supported by the record even if the trial court did not consider the argument.[10]
¶ 10 Here, Seawest argues that sections of Washington's attorney lien statute, chapter 60.40 RCW, must be read together to discern whether a court must require a separate action by Graham & Dunn to adjudicate its lien for fees. The current version of the statute provides in relevant part:
60.40.010 Lien created-Enforcement-Definition-Exception. (1) An attorney has a lien for his or her compensation, whether specially agreed upon or implied, as hereinafter provided:
(a) Upon the papers of the client, which have come into the attorney's possession in the course of his or her professional employment;
(b) Upon money in the attorney's hands belonging to the client;
. . . .
(e) Upon a judgment to the extent of the value of any services performed by the attorney in the action, or if the services were rendered under a special agreement, for the sum due under such agreement, from the time of filing notice of such lien or claim with the clerk of the court in which such judgment is entered, which notice must be filed with the papers in the action in which such judgment was rendered, and an entry made in the execution docket, showing name of claimant, amount claimed and date of filing notice.
(2) Attorneys have the same right and power over actions to enforce their liens under subsection (1)(d) of this section and over judgments to enforce their liens under subsection (1)(e) of this section as their clients have for the amount due thereon to them.
. . . .
60.40.020 Proceedings to compel delivery of money or papers. When an attorney refuses to deliver over money or papers, to a person from or for whom he has received them in the course of professional employment, whether in an action or not, he may be required by an order of the court in which an action, if any, was prosecuted, or if no action was prosecuted, then by order of any judge of a court of record, to do so within a specified time, or show cause why he should not be punished for a contempt.
60.40.030 Procedure when lien is claimed. If, however, the attorney claim[s] a lien, upon the money or papers, under the provisions of this chapter, the court or judge may: (1) Impose as a condition of making the order, that the client give security in a form and amount to be directed, to satisfy the lien, when determined in an action; (2) summarily to inquire into the facts on which the claim of a lien is founded, and determine the same; or (3) to refer it, and upon the report, determine the same as in other cases.[11]
¶ 11 Seawest further argues that RCW 60.40.020 and 60.40.030 must be read together because prior to codification they were not separated into sections. Read together, the plain meaning of section 030  "If, however, the attorney claim[s] a lien, upon the money or papers . . . the court or judge . . ."  suggests that the procedures of RCW 60.40.030 are limited to when an attorney claims a lien upon the "money or papers" of the client under RCW 60.40.020.[12] Thus, the words of these two sections indicate that the procedures of RCW 60.40.030 are not available where the attorney claims a lien on something other than the money or papers of the client. In this case, that something is the judgment in the underlying condemnation proceeding. As RCW 60.40.010(e) indicates, a lien on a judgment is distinct from that on money or papers.[13]
*57 ¶ 12 We note that the summary procedures specified in RCW 60.40.030 refer to imposing a condition on "the order." We conclude that the order to which this section refers is the only order provided for in the statute  a show cause order under RCW 60.40.020. This adds weight to the argument that unless a client moves for an order under RCW 60.40.020, the summary procedures of RCW 60.40.030 do not apply.
¶ 13 Graham & Dunn urges this court to reject the above analysis. The law firm argues that the following language in RCW 60.40.030 permits the procedures of that section to be utilized where judgment liens are at issue: "If, however, the attorney claim[s] a lien, upon the money or papers, under the provisions of this chapter, the court or judge may. . . ."[14] According to the law firm, the emphasized text in the preceding sentence shows that the procedures of RCW 60.40.030 apply to all attorney liens under chapter 60.40 RCW, not just liens on money and papers.
¶ 14 This argument is unpersuasive. To accept it would require us to read out of the statute both the "however" as well as the "money and papers" language in the statute. That would violate a cardinal rule of statutory construction, and we decline to do so.
¶ 15 We note that Washington case law sheds little light on the correct interpretation of these statutes where the lien on a judgment is at issue. None of the cited cases addresses the question of whether the statute permits adjudication of an attorney lien on a judgment to be summarily determined under RCW 60.40.030, or whether a separate action is required in such a situation.[15]
¶ 16 Graham & Dunn argues that United States v. Moulton & Powell[16] supports its position. We do not agree.
¶ 17 In that case, the federal court of appeals held that the trial court properly recognized an attorney's lien upon the proceeds of a condemnation proceeding. The court affirmed on multiple grounds, including equitable principles, the principles of trust law, and Remington's Revised Statutes of Washington Section 898. Section 898 allowed any person claiming to be entitled to condemnation proceeds paid into the court to apply to the court for an order directing payment.[17]Moulton merely stands for the proposition that it is proper for a trial court to protect fees earned by counsel, whether by recognizing a charging lien, an equitable assignment, or by court interference in the interest of equity and justice, when evidence discloses an agreement to pay counsel out of the award. This case does not assist us with the question of whether summary determination of an attorney's lien on a judgment is permitted under our statute.
¶ 18 We conclude that a fair reading of the attorney lien statute requires us to hold that the legislature intended the summary procedures set forth in RCW 60.40.030 to apply only when RCW 60.40.020 applies. Specifically, the procedures of RCW 60.40.030 are triggered when the claimed lien is asserted against money or papers of the client, but not when the lien is asserted against a judgment.

Attorney Lien Enforcement
¶ 19 Notwithstanding our conclusion in the prior portion of this opinion, there is still an unresolved question: whether the attorney lien statute requires the adjudication of an attorney lien against a judgment in *58 a separate action. For the reasons that follow, we conclude that the statute does not require a separate action.
¶ 20 Where an attorney lien is claimed against a judgment, the court has a right to determine all questions affecting the judgment in some form of proceeding.[18] A proceeding to enforce a lien is an equitable proceeding.[19] Courts have broad discretion when fashioning equitable remedies, and we review those remedies for an abuse of discretion.[20] A trial court abuses its discretion when its decision is manifestly unreasonable or based upon untenable grounds.[21]
¶ 21 An old supreme court case, State ex rel. Angeles Brewing & Malting Co. v. King County Superior Court,[22] provides some guidance. In that case, counsel asserted a lien against a client's judgment under an earlier version of the attorney lien statute. That court observed that the statute makes no provision for a procedure to enforce a lien against a judgment.[23] However, it noted that as between parties to the action in which a judgment was entered, "the court has a right to determine all questions affecting the judgment raised by parties properly before the court, in some form of proceeding. . . ."[24] Although the court held that the lien could not be adjudicated in that case, it did so because not all interested parties were before the court, insufficient notice had been given to those served, and the proceeding was one in which no evidence could be taken.[25]
¶ 22 Like the version of Washington's statute that existed when Angeles Brewing was decided, the current version of the statute does not set out a procedure for adjudicating a lien against a judgment. Although the 2004 amendments mention an action to enforce a lien on a judgment in RCW 60.40.010(2), the statute does not set out a procedure for enforcement. Significantly, the statute does not require that such an action be separate from the underlying proceeding. Thus, it places the question of how to properly adjudicate the lien with the court, requiring it to fashion some "form of proceeding by which the matters might be properly adjudicated."[26] Cases since Angeles Brewing have cited this principle with approval.[27] Thus, we conclude that the trial court here was authorized to fashion an appropriate remedy, which it did.
¶ 23 The trial court's decision to adjudicate the attorney's lien by the evidentiary hearing in this case was a tenable choice. Here, the only persons asserting interests in the judgment were before the court. The parties had three months, which was ample time, to conduct discovery and otherwise prepare for the evidentiary hearing. Finally, the hearing gave them ample opportunity to present evidence, bring counterclaims, and argue their theories of the dispute. In short, Seawest was given an opportunity to contest the lien asserted by Graham & Dunn by raising whatever issues it chose to raise. While it now complains on appeal that it did not assert Consumer Protection Act and other claims that it would have, there is nothing in the record to support the conclusion that it was denied the opportunity to assert such claims at the hearing.
¶ 24 At the same hearing, the trial court also determined that the written fee agreement was enforceable and that the fees were reasonable. In Krein v. Nordstrom, this court considered whether the lack of a full *59 adversarial hearing in adjudicating an attorney's lien was error.[28] We held that considering the fee involved, the statutory requirements, and the hearing actually held, that the procedure comported with due process.[29] The procedure followed here also fully complies with due process.
¶ 25 Seawest urges us to adopt California's rule requiring separate actions to enforce attorney's liens. However, California law is unlike that of this state. In California, an attorney's lien is created only by contract  either expressly in the fee contract or by implication where a retainer agreement provides the attorney is to look to the judgment for payment.[30] The attorney's lien in Washington is established pursuant to the requirement stated in chapter 60.40 RCW. Understandably, California's enforcement procedures for contractually created liens are different from those in Washington.
[California] [a]ppellate courts have consistently held that the trial court in the underlying action has no jurisdiction to determine the existence or validity of an attorney lien on the judgment. [Citations.] The trial court does have fundamental jurisdiction over the subject matter and over the parties. Nevertheless, because the attorney is not a party to the underlying action and has no right to intervene, the trial court acts in excess of its jurisdiction when it purports to determine whether the attorney is entitled to foreclose a lien on the judgment. . . . [[31]]
¶ 26 Washington's different statutory scheme and case law require us to reject the California rule. In Angeles Brewing, our supreme court placed the question of how to properly adjudicate an attorney's lien on a judgment squarely within the discretion of the trial court:[32]
There can be no question but that, as between the parties to the action in which the judgment was entered, the court has a right to determine all questions affecting the judgment raised by parties properly before the court, in some form of proceeding by which the matters might be properly adjudicated.[33]
¶ 27 For the first time on appeal, Seawest raises the issue of whether a client in a fee dispute has a right to a jury trial when an attorney lien is asserted. Seawest makes no arguments on this issue in its brief. Because Seawest has cited no authority, we must presume it has found none.[34] We will not consider an issue absent argument and citation to legal authority.
¶ 28 Significantly, Seawest neither assigns error to nor otherwise challenges the trial court's determination of the reasonableness of the fees. For these reasons, we have no basis to disturb the trial court's decision in this respect.
¶ 29 We affirm the order granting Graham & Dunn's motion for disbursement of reasonable attorney fees and costs.
WE CONCUR: APPELWICK, C.J., and GROSSE, J.
NOTES
[1] Report of Proceedings (Nov. 21, 2006) at 27.
[2] Clerk's Papers at 18-19.
[3] Brief of Appellant at 2-3.
[4] Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wash.2d 1, 9, 43 P.3d 4 (2002).
[5] Id.
[6] Id. at 11-12, 43 P.3d 4.
[7] State v. Keller, 143 Wash.2d 267, 277, 19 P.3d 1030 (2001).
[8] State v. Neher, 112 Wash.2d 347, 351, 771 P.2d 330 (1989).
[9] Okeson v. City of Seattle, 150 Wash.2d 540, 548-49, 78 P.3d 1279 (2003).
[10] LaMon v. Butler, 112 Wash.2d 193, 200-01, 770 P.2d 1027 (1989).
[11] The statute has existed in the same basic form since 1863. In 2004, the legislature amended the statute in ways that are not material to the controversy before us. Laws of 2004, ch. 73, § 2.
[12] (Emphasis added.)
[13] Ross v. Scannell, 97 Wash.2d 598, 604, 647 P.2d 1004 (1982) (distinguishing between a lien on a judgment, a charging lien, and a possessory or retaining lien on papers or money).
[14] (Emphasis added.)
[15] State v. Moore, 34 Wash.2d 351, 208 P.2d 1207 (1949) (holding that a summary determination procedure for an attorney's lien is not applicable in a proceeding to substitute counsel where no attorney lien exists, but that a court has power to determine the amount of fees due a withdrawing attorney); Hudson v. Brown, 179 Wash. 32, 35 P.2d 756 (1934) (holding that where a client seeks return of papers or money from a dismissed attorney, a court has broad power to determine the nature and amount of an attorney lien); State ex rel. W.W. Robinson Co. v. Gilliam, 94 Wash. 243, 161 P. 1194 (1917) (holding that where an attorney lien is on client papers and money, the trial court errs by not summarily determining the lien); Krein v. Nordstrom, 80 Wash.App. 306, 908 P.2d 889 (1995) (holding that where an attorney has actual and constructive possession of client's money, summary determination of attorney lien is proper).
[16] 188 F.2d 865, 867-68 (9th Cir.1951).
[17] Id. at 867.
[18] Hudson, 179 Wash. at 38, 35 P.2d 756; State ex rel. Angeles Brewing & Malting Co. v. King County Superior Court, 89 Wash. 342, 345, 154 P. 603 (1916).
[19] Price v. Chambers, 148 Wash. 170, 172, 268 P. 143 (1928).
[20] Sorenson v. Pyeatt, 158 Wash.2d 523, 531, 146 P.3d 1172 (2006).
[21] Havens v. C & D Plastics, Inc., 124 Wash.2d 158, 168, 876 P.2d 435 (1994).
[22] 89 Wash. 342, 154 P. 603 (1916).
[23] Id. at 345, 154 P. 603.
[24] Id.
[25] Id. at 345-46, 154 P. 603.
[26] Id. at 345, 154 P. 603.
[27] Hudson, 179 Wash. at 38, 35 P.2d 756; Keyes v. Ahrenstedt, 164 Wash. 106, 109, 1 P.2d 843 (1931).
[28] 80 Wash.App. 306, 908 P.2d 889.
[29] Id. at 310, 908 P.2d 889.
[30] Carroll v. Interstate Brands Corp., 99 Cal. App.4th 1168, 1171-73, 121 Cal.Rptr.2d 532 (2002).
[31] Brown v. Sacramento County Superior Court, 116 Cal.App.4th 320, 328, 9 Cal.Rptr.3d 912 (2004) (editing comments in original).
[32] Angeles Brewing, 89 Wash. at 345, 154 P. 603.
[33] Id.
[34] State v. Young, 89 Wash.2d 613, 625, 574 P.2d 1171 (1978) (courts may assume that where no authority is cited, counsel has found none after search).