# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

GREGORY R. SWILLING

                    Respondent,

v.

SUSAN FAY BENGSTON,

                    Appellant.

No. 69375-1-I

DIVISION ONE

UNPUBLISHED OPINION

FILED:  MAR 0 4 2013

PER CURIAM – Susan Bengston seeks review of an order ejecting her from a house for violating her CR 2A settlement agreement with Gregory Swilling. We affirm.

The law does not distinguish between litigants who elect to proceed pro se and those who seek assistance of counsel.[1] Both must comply with applicable procedural rules, and failure to do so may preclude review.[2] The most fundamental and frequently cited rule of appellate procedure is that issues raised on appeal must be supported by meaningful argument and pertinent legal authority.[3] Appellate courts generally will not consider issues that do not comply with this rule.[4]

Here, Bengston claims the superior court erred (1) in accepting and addressing an "illegally worded motion"; (2) in accepting and addressing a motion in which Bengston was "wrongly named"; (3) "by not enforcing 15 min. per side to speak"; (4) by

---

[1] In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).
[2] Olson, 69 Wn. App. at 626; State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999).
[3] RAP 10.3(a)(6); In re Marriage of Arvey, 77 Wn. App. 817, 819 n.1, 894 P.2d 1346 (1995); Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989).
[4] King County v. Seawest Inv. Assocs., 141 Wn. App. 304, 317, 170 P.3d 53 (2007); Saviano v. Wesport Amusements, Inc., 144 Wn. App. 72, 84, 180 P.3d 874 (2008).

"manually correcting" Swilling's proposed order with interlineations "to create a Legal Document"; and (5) by "imposing impossible parameters" in the judgment and "allowing [her] no defensive rebuttal." Bengston fails, however, to support these claims with meaningful legal analysis or pertinent authority. In addition, she fails to provide an adequate record for review.[5] These omissions preclude review.

In any event, the issues raised do not demonstrate a basis for relief from the superior court's order. Accordingly, we affirm.

Affirmed.

WE CONCUR:

---

[5] Bengston has filed no clerk's papers, and although the proceedings below were apparently not recorded, she could have submitted either an agreed or narrative report of proceedings. RAP 9.1(b); RAP 9.3; RAP 9.4