# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DAVID A. KOHLES, INC. P.S., a Washington professional services corporation, | No. 73614-1-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| MICHAEL COOK, individually; DONNA COOK, individually; and the marital community composed of MICHAEL COOK and DONNA COOK; AND IN REM AGAINST ANY ALL PAYMENTS RECEIVED BY MICHAEL COOK AND DONNA COOK FROM THE DEPARTMENT OF LABOR AND INDUSTRIES ON ACCOUNT OF WORKER'S COMPENSATION BENEFITS, | |
| Respondents. | FILED: February 29, 2016 |

TRICKEY, J. — David A. Kohles appeals the order denying his motion for summary judgment and directing Donna Cook, the surviving spouse of one of Kohles' former clients, to pay Kohles $100 per month as a result of an attorney's lien. Cook did not file a cross-appeal. Although Kohles presented the foreclosure of his attorney's lien in the form of a motion for summary judgment, it is clear that the trial court ultimately resolved the enforcement of the lien by means of an equitable proceeding on written declarations and oral argument. Because an attorney lien foreclosure is an equitable proceeding and the trial court did not abuse its discretion by fashioning its equitable remedy, we affirm.

## FACTS

Kohles and the trial court rely upon the following material facts.[1]

In January 2005, Michael Cook retained Kohles to provide legal services on his behalf for his industrial insurance claims. Michael[2] entered into an attorney fee agreement, which provided the terms of compensation to Kohles. Michael agreed to compensate Kohles on a contingent fee basis. According to the terms of the agreement, Kohles would receive: (1) 30 percent of the gross benefits, including awards of any nature where no prior award has been made; (2) 30 percent of all time loss payments; and (3) 15 percent of the pension reserve awarded to Michael.

Kohles represented Michael and achieved settlements on claims with Snohomish County and the Department of Labor and Industries. The dollar amounts were as follows: (1) a cash payment of $37,000; (2) permanent partial disability benefits totaling $35,787.90; and (3) permanent total disability benefits for which the pension reserve amount was $238,255.

In March 2013, Michael and Donna filed for bankruptcy. Kohles filed an adversary suit in the bankruptcy proceeding to determine the validity, priority, and extent of his attorney's lien on payment proceeds from the Department of Labor and Industries and/or Snohomish County.

---

[1] Much of Donna Cook's response brief is devoted to relitigating factual disputes. However, Cook failed to file a notice of appeal as required by RAP 5.1(d), which provides, "A party seeking cross review must file a notice of appeal or a notice for discretionary review within the time allowed." Pro se litigants are held to the same standard as attorneys and must comply with all procedural rules on appeal. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). For these reasons, we do not consider her factual challenges.

[2] Due to the similarity in names, we use Michael and Donna Cook's first names for clarity.

In December 2013, the bankruptcy court entered an order granting Kohles' motion for summary judgment in the adversary suit. The order provided: (1) that Kohles had a valid and perfected lien created by RCW 60.40.010(1)(d) that secured the contingency fee, which he is owed under the fee agreement; (2) that such lien attached to all past and future payments made by the Department of Labor and Industries and/or Snohomish County to Michael and/or Donna because of work performed by Kohles, including Kohles' representation of Michael in any claim or appeal process; and (3) that the lien attached to any proceeds as defined by RCW 60.40.010, the attorney's lien statute.

In June 2014, Kohles filed an in rem complaint in the Snohomish County Superior Court against Michael and Donna. The complaint sought foreclosure of Kohles' attorney's lien on the worker's compensation benefits and injunctive relief.

In August 2014, Michael died due to causes unrelated to his industrial injuries. As Michael's survivor, Donna continued to receive Michael's pension benefits in the amount of $3,175.08 per month.

In February 2015, Kohles moved for summary judgment. He argued that he was entitled to foreclose his attorney's lien on the payments from the Department of Labor and Industries and Snohomish County. He requested that the trial court enforce his lien by entering an order requiring Donna to change her address with the Department of Labor and Industries so that the payments would be sent directly to Kohles for him to deduct a portion of each payment. He provided several declarations in support of his motion.

Donna, acting pro se, opposed Kohles' motion. She disputed a number of assertions in Kohles' declaration, including that Michael retained Kohles and that the settlement was a result of Kohles' legal services. Donna also provided declarations in support of her position.

The trial court held hearings on Kohles' motion on March 10, 2015, and April 10, 2015. Following these hearings, the trial court entered findings of fact and conclusions of law regarding the fee agreement and Kohles' legal services. The trial court rejected Donna's arguments that the settlement was not the result of Kohles' legal services. It concluded that the contingent fee due to Kohles was $5,507.38 on the permanent partial disability and $35,738.25 on the pension. It also concluded that Kohles had an attorney's lien on the settlement funds.

The trial court rejected Kohles' request for judgment in rem against the settlement proceeds.[3] It concluded that chapter 60.40 RCW does not provide a process for foreclosure of such personal property lien. It also rejected Kohles' request for prejudgment interest. The court concluded, however, that as a court of equity, it could order Donna to pay a monthly fee to Kohles toward the contingent fee obligation of $41,245.63. In determining the amount of the monthly fee, the court considered Donna's financial situation.

The court entered an order denying Kohles' motion for summary judgment and ordering Donna to remit payments in the amount of $100 per month to Kohles. Kohles moved for reconsideration, which the court denied.

---

[3] Donna has not challenged the use of an in rem proceeding for the foreclosure of an attorney's lien against the proceeds of an action, and we express no opinion on that question.

4

Kohles appeals. Donna did not file a notice of cross-appeal.

ANALYSIS

Attorney's Lien Enforcement

Kohles argues that the trial court erred in ruling that he could not foreclose on his attorney's lien because chapter 60.40 RCW does not provide a mechanism for foreclosure. He contends that the attorney's lien statute "explicitly contemplate[s] enforcement of attorney's liens," that the court "may imply a remedy for the right created by RCW 60.40.010," and that "[c]ase law provides guidance and authority for foreclosing attorney's liens in Washington."[4] Kohles asks this court to reverse the decision of the trial court and hold that he "is entitled to enforce his attorney's lien under RCW 60.40.010."[5]

In making these arguments, Kohles overlooks the fact that, notwithstanding its conclusion that the statute does not provide a process for foreclosure, the trial court engaged in an equitable proceeding to *enforce* his attorney's lien. After concluding that Kohles had a valid attorney's lien on the settlement funds, the court ordered Donna to pay Kohles $100 per month because of this lien.

The statute and case law provide limited guidance on the form of the proceedings appropriate to enforce an attorney's lien, especially as a charging (nonpossessory) lien against the proceeds of an action under RCW 60.40.010(1)(d). But the trial court has broad discretion. "Where an attorney lien is claimed against a judgment, the court has a right to determine all questions affecting the judgment in some form of proceeding." King County v. Seawest Inv.

---

[4] Br. of Appellant David A. Kohles, Inc. P.S. at 14, 19, 21 (boldface omitted).
[5] Br. of Appellant David A. Kohles, Inc. P.S. at 29.

Assocs., LLC, 141 Wn. App. 304, 314, 170 P.3d 53 (2007). "A proceeding to enforce a lien is an equitable proceeding." Seawest, 141 Wn. App. at 314. "Courts have broad discretion when fashioning equitable remedies, and we review those remedies for an abuse of discretion." Seawest, 141 Wn. App. at 314. A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. Seawest, 141 Wn. App. at 314.

The trial court's decision to adjudicate the attorney's lien based on the documentary evidence and argument presented by both parties was a tenable choice. Kohles does not argue otherwise. For all practical purposes, the trial court decided to impose an equitable remedy as part of an equitable proceeding enforcing the attorney's lien. In these circumstances, we conclude that the trial court was not compelled to apply the summary judgment standards, and had the authority to engage in an equitable proceeding to adjudicate the enforcement of Kohles' attorney's lien.[6]

Likewise, the trial court's decision to enforce this lien by requiring monthly payments in the amount of $100 was not an abuse of discretion. In fashioning this remedy, the court properly considered all the equities, including Donna's budget and financial situation.

Kohles argues that the court erred by considering Donna's financial situation, because a debtor's financial situation "is never legally relevant" to

---

[6] Further, we have no verbatim or narrative report of proceedings that might help to explain how the trial court arrived at its decision to utilize an equitable proceeding to enforce Kohles' attorney's lien. The appellant bears the burden of providing an adequate record on appeal. Dash Point Village Assocs. v. Exxon Corp., 86 Wn. App. 596, 612, 937 P.2d 1149 (1997); RAP 9.2(b).

whether a secured lienholder is entitled to foreclose on its security interest.[7] But he cites no compelling authority for this proposition. Donna's financial situation was a relevant and proper consideration in this equitable proceeding.

Finally, Kohles argues that the court erred in ruling that he was not entitled to prejudgment interest. He contends that the trial court should have awarded prejudgment interest because his claim was liquidated. But a court has broad discretion to fashion equitable remedies. Kohles provides no authority requiring the court to award prejudgment interest under these circumstances, especially where a large portion of the settlement proceeds took the form of monthly pension payments under the Industrial Insurance Act, Title 51 RCW. Kohles does not establish that the contingent fees for such installment payments were due and owing until each installment payment was received. As Donna points out, the settlement did not generate any pension fund available to her to pay attorney fees.[8]

We affirm.

_Trickey, J_

WE CONCUR:

---

[7] Br. of Appellant David A. Kohles, Inc. P.S. at 28-29 (boldface omitted).

[8] We also note that Donna has not raised any statutory or administrative limitations on contingent attorney fees that may apply to an industrial insurance award and we express no opinion on how any such limitations may be implicated by Kohles' attempt to enforce his attorney's lien against the settlement proceeds.