# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| DANIEL L. ROGERS, an individual, | No.  51375-7-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, a Washington corporation; MCCARTHY HOLTHUS, LLP, a Professional Services Organization; JPMORGAN CHASE BANK, N.A., a national association; WELLS FARGO BANK, N.A., a national association; WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-PR1 TRUST,. | |
| Respondents. | |

SUTTON, J. — After defaulting on a loan secured by a promissory note and a deed of trust on his property, Daniel L. Rogers, acting pro se, filed a complaint to stop a non-judicial foreclosure by JPMorgan Chase, N.A. (Chase), Wells Fargo Bank, N.A., and Wells Fargo Bank, N.A. as Trustee for the WaMu Mortgage Pass-Through Certificates Series 2005 (the Trust).[1]  Chase and the Trust filed a motion for summary judgment and dismissal of Rogers's complaint and for judgment on the Trust's counterclaim for judicial foreclosure.  The superior court granted the motion in part, dismissed the complaint, granted foreclosure on the Trust's judicial foreclosure counterclaim, and denied without prejudice the motion for entry of judgment on the total amount

---

[1] Quality Loan Service Corporation of Washington and McCarthy & Holthus were dismissed from the case in 2015, and thus, are not part of this appeal.

due, Rogers's redemption right, and the Trust's recoverable costs. The Trust filed another summary judgment motion on the amount due and the superior court granted the motion and entered judgment against Rogers. Rogers appeals both orders.

Preliminarily, Rogers argues that he is entitled to the assistance of counsel and the superior court should not have held him to the same standard as an attorney. He also argues that the superior court erred by granting summary judgment in favor of Chase and the Trust because there are genuine issues of material fact regarding his Consumer Protection Act (CPA) [2] claim and the amount due on the defaulted loan. Chase and the Trust argue that the superior court did not err because Rogers failed to show a genuine issue of material fact. We hold that Rogers is not entitled to the assistance of counsel and the court did not err in holding him to the same standard as an attorney. We also hold that the superior court did not err by granting summary judgment and dismissing all claims in Rogers's complaint including the CPA claim against Chase, granting the Trust's judicial foreclosure counterclaim, and entering judgment against Rogers. We affirm both orders.

FACTS

I. BACKGROUND INFORMATION

A. INDIGENCY AND APPELLATE REVIEW

Rogers filed a motion for indigency. He explained that he had been unemployed for six months, and had to sell personal items and rely on roommates to survive. He requested the following relief: waiver of the filing fee, preparation of verbatim report of proceedings, costs of

---

[2] Ch. 19.86 RCW.

2

reproducing clerk's papers, appointment of counsel, and an order to the clerk of the superior court to transmit to the Supreme Court the papers designated in the findings of indigency. The superior court found that Rogers was "unable by reason of poverty to pay for all or some of the expenses of appellate review," and that "[Rogers] is unable to contribute." Clerk's Papers (CP) at 482. On November 4, 2015, a panel of the Supreme Court issued an order denying his motion for indigency, stating only, "That the Appellant's Motion for Expenditure of Public Funds is denied." CP at 553.

B. LOAN, PROMISSORY NOTE AND DEED OF TRUST

In November 2004, Rogers borrowed $240,000 from Washington Mutual Bank (WaMu), evidenced by a promissory note (Note). Rogers promised in that Note to make payments "every month," and to do so "until I have paid all of the principal and interest and any other charges described below that I may owe under this Note." CP at 1256. Rogers also signed a Deed of Trust securing the Note against his property in Tahuya, Washington (Property). The Deed of Trust provides that the beneficiary can sell the Property if Rogers defaulted on his loan. The Note and the Deed of Trust name WaMu as both lender and beneficiary. The Note is indorsed-in-blank. In 2005, WaMu sold the Note to Wells Fargo Bank, N.A. the acting trustee for the WaMu Mortgage Pass-through Certificates Series 2005-PR1 Trust, but remained the loan servicer and custodian.

Rogers defaulted on his loan in 2007 and declared bankruptcy. After Rogers defaulted, he made payments to the bankruptcy trustee, Chase, along with other payments that Chase ultimately credited to his loan.

In September 2008, WaMu failed and the Federal Deposit Insurance Corporation (FDIC) took WaMu into receivership. *Rundgren v. Wash. Mut. Bank, FA,* 760 F.3d 1056, 1059 (9th Cir. 2014); *Benson v. JPMorgan Chase Bank, N.A.,* 673 F.3d 1207, 1209-10 (9th Cir. 2012). The

3

FDIC assumed "all rights, titles, powers, and privileges" of WaMu. Formerly 12 U.S.C. § 1821(d)(2)(A)(i) (2008).

On September 25, 2008, Chase became the successor-in-interest as to WaMu's rights in Rogers's loan by its purchase of WaMu's assets from the FDIC. Chase and the FDIC entered into a purchase and assumption agreement to memorialize the purchase, which included WaMu's rights to service certain loans (including Rogers's loan). In 2011, Chase executed a corporate assignment of deed of trust, assigning its interest in Rogers's Deed of Trust to Wells Fargo Bank, N.A., as trustee for the Trust. While the Trust owned the Note, Chase serviced the loan and physically possessed the Deed of Trust and Note. The Trust also gave Chase a limited power of attorney to enforce Rogers's loan.

## II. PROCEDURAL INFORMATION

On January 21, 2014, Rogers filed a complaint seeking to stop a non-judicial foreclosure on the Property, and alleged a number of causes of actions against Chase and the Trust which are not relevant to this appeal. Rogers alleged that Chase improperly foreclosed non-judicially because it did not acquire an interest in the Property, making the non-judicial foreclosure documents invalid. Rogers further alleged that Chase and the Trust failed to follow the Deed of Trust Act (DTA)[3] requirements for non-judicial foreclosure and alleged that the property was being used for agricultural purposes. Chase and the Trust then commenced judicial foreclosure proceedings against the Property.

---

[3] Ch. 61.12 RCW.

On July 17, 2015, Chase and the Trust answered Rogers's complaint, and the Trust filed a judicial foreclosure counterclaim. Rogers did not file an answer to the counterclaim. On June 28, 2016, Chase and the Trust filed a motion for summary judgment dismissal of all claims in Rogers's complaint and for foreclosure on the Trust's judicial foreclosure counterclaim.

The superior court granted partial summary judgment to Chase and the Trust on all claims in Rogers's complaint, dismissing them with prejudice, and granted the Trust's judicial foreclosure counterclaim. However, the superior court found that there were genuine issues of material fact as follows:

a. The total amount due and [owing] under the Deed of Trust, including proof of the amount of each monthly installment owing;

b. The rights of redemption held by [Rogers], if any;

c. The costs Defendant/Counterclaimant believes are recoverable in this action.

CP at 855-56.

In 2017, the Trust filed another motion for summary judgment and an affidavit with exhibits showing the payment history to prove what Rogers owed, what was due, and what Chase had credited on the outstanding loan. Instead of timely opposing that second motion, Rogers, on the final hearing date, filed a number of documents alleging a disability and referencing accommodations under the Americans with Disabilities Act (ADA)[4], as well as motions to dismiss the counterclaims, for reconsideration of the superior court's evidentiary ruling to take judicial notice of certain documents, and to strike the declarations filed in support of the Trust's judicial foreclosure counterclaim. Because Rogers did not present any evidence to the contrary, the

---

[4] 42 U.S.C. § 12102(2) (2009).

superior court accepted the payment history as accurate, granted summary judgment, and denied Rogers's motions. The superior court entered a judgment stating that the Trust was entitled to recover $239,644.49 with interest at 3.8720 percent per annum from Rogers and was allowed to foreclose on Rogers's property.

Rogers appeals both superior court orders.

ANALYSIS

I. LEGAL PRINCIPLES

We review a superior court's summary judgment order de novo. *Reliable Credit Ass'n v. Progressive Direct Ins.,* 171 Wn. App. 630, 637, 287 P.3d 698 (2012). Summary judgment is appropriate if, when viewing the facts in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). "A genuine issue of material fact exists only where reasonable minds could reach different conclusions." *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 601, 200 P.3d 695 (2009). If there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law, we affirm the superior court's summary judgment order. *Lakey v. Puget Sound Energy, Inc.*, 176 Wn.2d 909, 922, 296 P.3d 860 (2013).

"Mere allegations or conclusory statements of fact unsupported by evidence do not sufficiently establish such a genuine issue." *Discover Bank v. Bridges,* 154 Wn. App. 722, 727, 226 P.3d 191 (2010). "[T]he nonmoving party 'may not rely on speculation, argumentative assertions that unresolved factual issues remain, or in having its affidavits considered at face value.'" *Bridges*, 154 Wn. App. at 727 (quoting *Seven Gables Corp. v. MGM/UA Entm't Co.*, 106 Wn.2d 1, 13, 721 P.2d 1 (1986)).

II. APPOINTMENT OF COUNSEL

For the first time on appeal, Rogers argues that the superior court erred by not providing him with the assistance of counsel based on indigence. He argues that he was entitled to the appointment of counsel because otherwise justice could not be done by the court. We disagree.

RAP 2.5(a) states:

The appellate court may refuse to review any claim of error which was not raised in the trial court. However, a party may raise the following claimed errors for the first time in the appellate court: (1) lack of trial court jurisdiction, (2) failure to establish facts upon which relief can be granted, and (3) manifest error affecting a constitutional right. A party or the court may raise at any time the question of appellate court jurisdiction. A party may present a ground for affirming a trial court decision which was not presented to the trial court if the record has been sufficiently developed to fairly consider the ground. A party may raise a claim of error which was not raised by the party in the trial court if another party on the same side of the case has raised the claim of error in the trial court.

Generally, there is a right to counsel in civil cases only when a civil litigant's "physical liberty is threatened" or a "fundamental liberty interest . . . is at risk." *In re Dependency of Grove*, 127 Wn.2d 221, 237, 897 P.2d 1252 (1995).

Here, Rogers fails to identify any constitutional or statutory right to the appointment of counsel for actions under the DTA. Although he claims that his property and financial interests are at stake, the Trust filed a judicial foreclosure counterclaim allowed by the DTA to enforce the loan as Rogers had agreed to in the Deed of Trust he executed to secure the loan. On appeal, Rogers does not allege any procedural irregularities in the judicial foreclosure and he did not appeal the judicial foreclosure by the Trust, only the amount due on the defaulted loan. Under *Grove,* Rogers has no right to the assistance of counsel based on indigence. Further, the superior

court did not enter an order denying Rogers's request for the assistance of counsel. Thus, we hold that the court did not err.

### III. TREATMENT OF PRO SE LITIGANTS

Citing federal authority, Rogers argues that the superior court erred by holding him, a pro se litigant, to the same standard as an attorney. We hold that the superior court did not err because the law is well established that a pro se litigant is held to the same standard as an attorney.

In federal court, pro se pleadings receive liberal construction. *Pouncil v. Tilton*, 704 F.3d 568 (9th Cir. 2012); *see Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). But in Washington courts, a superior court "must hold pro se parties to the same standards to which it holds attorneys." *Edwards v. Le Duc*, 157 Wn. App. 455, 460, 238 P.3d 1187 (2010). This is a procedural rule; federal procedural rules do not control in state courts. *Adams v. LeMaster*, 223 F.3d 1177, 1182 n.4 (10th Cir. 2000). Thus, the Washington rule applies and the superior court did not err when it held Rogers, as a pro se litigant, to the same standard as an attorney.

### IV. SUMMARY JUDGMENT

Rogers argues that the superior court erred by granting summary judgment dismissal of his claims in the complaint including his CPA claim against Chase, and erred by granting the Trust's judicial foreclosure counterclaim as to the amount due and entering judgment against him. We hold that because there are no genuine issues of material fact and because Chase and the Trust are entitled to judgment as a matter of law, the superior court did not err.

A. WAIVER OF REVIEW

Chase and the Trust initially argue that Rogers waived review of the partial summary judgment order dismissing his complaint because his assignments of error do not assert that the superior court erred in granting this motion. We agree.

"The scope of a given appeal is determined by the notice of appeal, the assignments of error," and the parties' substantive arguments. *Clark County v. W. Wash. Growth Mgmt. Hearings Bd.*, 177 Wn.2d 136, 144, 298 P.3d 704 (2013). The party must designate in its notice of appeal the decision that it wants this court to review. RAP 5.3(a).[5]

Here, in his notice of appeal, Rogers designated the partial summary judgment order dated December 12, 2016. However, his brief fails to address this order. We hold that Rogers has waived any argument regarding summary judgment dismissal of his complaint under *Clark County* and RAP 5.3(a). Thus, we review below Rogers's remaining CPA claim against Chase.

B. CPA CLAIM

Rogers argues that because there are genuine issues of material fact related to his claim that Chase violated the CPA, the superior court erred by granting summary judgment dismissal of the CPA claim. He argues that Chase sent out contradictory billing notices regarding the amount due on his defaulted loan which constituted an unfair trade or deceptive business practice in enforcing the loan. Chase argues that the superior court did not err because Rogers failed to show a genuine issue of material fact that Chase acted deceptively, unfairly, or that he was injured. We

_____

[5] RAP 5.3(a) states in relevant part that "A notice of appeal must (1) be titled a notice of appeal, (2) specify the party or parties seeking the review, (3) designate the decision or part of decision which the party wants reviewed, and (4) name the appellate court to which the review is taken."

hold that because there are no genuine issues of material fact regarding any deceptive or unfair actions by Chase in enforcing the loan, the superior court did not err by granting summary judgment dismissal of the CPA claim.

The CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. Under RCW 19.86.090, any person injured in his or her business or property by a violation of RCW 19.86.020 may bring a civil action to recover actual damages. *Panag v. Farmers Ins. Co. of Wash.,* 166 Wn.2d 27, 37, 204 P.3d 885 (2009). To prevail on a CPA claim, a plaintiff must prove "(1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." *Panag,* 166 Wn.2d at 37. Whether a plaintiff can prevail on a CPA claim is a case by case determination of whether the plaintiff can satisfy each of the five elements. *Lyons v. U.S. Bank Nat'l Ass'n*, 181 Wn.2d 775, 785, 336 P.3d 1142 (2014).

Here, Rogers alleges that Chase:

> The Defendant/Appellee sent out monthly notices stating the amount due. The Deed of Trust required payments be paid when due. [Rogers] asserts that sending borrowers contradictory statements regarding the amount due constitutes a default of the promissory note and the deed of trust.

> The fact that the Note [h]older or its agents had previously sent out contradictory bills and had not provided any testimony explaining how the $30 plus thousand payments in the bankruptcy were handled creates an issue of fact *per se* and one regarding the . . . total amount owed. It also involves question with regard to credibility of creditors. These issues of fact should not have been resolved against [Rogers].

Appellant's Amended Opening Br. at 38.

But Rogers fails to establish all the elements of a CPA claim. *Panag,* 166 Wn.2d at 37. Rogers's brief lacks any citation to the record and contains unsupported assertions related to the

CPA claim. Because Rogers fails to establish all elements of a CPA claim, and there are no genuine issues of material fact, we hold that the superior court did not err by dismissing the CPA claim.

C. JUDICIAL FORECLOSURE COUNTERCLAIM

Rogers claims that Chase and the Trust misstated the amount due in the Trust's judicial foreclosure counterclaim. He also claims that Chase and the Trust did not credit him the money he had paid during his bankruptcy and that Chase had sent him contradictory information, which he claims constitutes a "factual dispute" defeating summary judgment. Chase and the Trust claim that Rogers waived all defenses to the counterclaim for judicial foreclosure by failing to answer the counterclaim. We disagree with Chase and the Trust because, although Rogers failed to answer the counterclaim, this issue was litigated below and Rogers appealed the order entering judgment on the amount due. However, because there are no genuine issues of material fact regarding the amount due on the defaulted loan, we hold that Chase and the Trust were entitled to judgment as a matter of law, and thus, the court did not err.

"Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." CR 8(d). We can affirm the grant of summary judgment on any basis present in the record of proceedings in the superior court. *King County v. Seawest Inv.t Assocs., LLC,* 141 Wn. App. 304, 310, 170 P.3d 53 (2007).

Rogers fails to provide any evidence that the payment history on the amounts due was inaccurate. The superior court correctly determined that the payment history was accurate and

11

correctly ruled that entry of judgment in favor of Chase and the Trust was proper. Thus, we hold that the superior court did not err. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MAXA, C.J.

MELNICK, J.